UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOSE S. GARZA                                    Civil Action No. 4:12-cv-03532
    Plaintiff

v.                                                     Judge Nancy F. Atlas

NATIONAL OILWELL VARCO, L.P.
    Defendant

## JOINT PROPOSED JURY CHARGE

Defendant National Oilwell Varco, L.P. (incorrectly named as National Oilwell

Varco, Inc. ("Defendant" or "NOV") and Plaintiff Jose S. Garza hereby jointly file this

Proposed Jury Charge, including all proposed instructions, definitions, and questions, as

follows:

*/s/ Peter Costea*                              */s/ Christopher E. Moore*
Peter Costea, Esq.                              Christopher E. Moore, Esq.(Attorney-in-Charge)
Three Riverway, Suite 1800                      TX Bar No. 24052778, SDTX No. 713063
Houston, Texas 77056                            Christine M. White, Esq.
Telephone: (713) 337-3304                       TX Bar No. 24068713, SDTX No. 712655
Facsimile: (713) 659-5302                       Jennifer L. Englander, Esq.
Electronic mail: costealaw@yahoo.com            LA Bar No. 29572; SDTX Bar No. 1430436
                                                Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Attorney for Plaintiff Jose S. Garza            One Shell Square
                                                701 Poydras St., Suite 3500
                                                New Orleans, LA 70139
                                                Telephone:  (504) 648-3840
                                                Facsimile:  (504) 648-3859
                                                Electronic Mail:
                                                christopher.moore@ogletreedeakins.com
                                                christine.white@ogletreedeakins.com
                                                jennifer.englander@ogletreedeakins.com

                                                Attorneys for Defendant
                                                National Oilwell Varco, L.P.

## JOINT JURY INSTRUCTION NO. 1

## GENERAL INSTRUCTIONS FOR CHARGE[1]

MEMBERS OF THE JURY:

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys.  Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  Do not decide who you think should win and then answer the questions accordingly.  Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence.  This means the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

---

[1] Fifth Circuit Pattern Jury Instructions, Civil Cases, No. 3.1 (2006).

[You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another.  You may consider such evidence only for the specific limited purposes for which it was admitted.  (Specific limiting instructions may be repeated as appropriate.)]

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach

conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case.  One is direct evidence—such as testimony of an eyewitness.  The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## JOINT JURY INSTRUCTION NO. 2

## DUTY TO DELIBERATE[2]

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong.  However, do not give up your honest beliefs solely because the others think differently or merely to finish the case.

Remember that in a very real way you are the judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

---

2 Fifth Circuit Pattern Jury Instructions, Civil Cases, No. 2.11 (2006).

## JOINT JURY INSTRUCTION NO. 3

## INSTRUCTIONS ON DELIBERATION[3]

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form.  Return this charge together with your written answers to the questions.  Unless I direct you otherwise, do not reveal your answers until such time as you are discharged.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by meeting with you in the courtroom.  I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

You may now retire to the jury room to conduct your deliberations.

---

[3] Fifth Circuit Pattern Jury Instructions, Civil Cases, No. 2.12 (2006).

## <u>PLAINTIFF'S JURY INSTRUCTION NO. 1</u>

## <u>NATURE OF CASE</u>

This is a sexual harassment and retaliation case brought under Title VII of the Civil Rights Act of 1964, as amended.

**PLAINTIFF'S JURY INSTRUCTION NO. 2**

**SEXUAL HARASSMENT**

**DISPUTED BY DEFENDANT**

It is unlawful for an employer to discriminate against an employee because of the employee's sex.  This includes sexual harassment.  Sexual harassment is unwelcome conduct that is based on plaintiff's sex.

Plaintiff claims he was sexually harassed by Hunt and that his employer, Defendant, knew, or in the exercise of reasonable care should have known, of the harassment, but did not take preventine or prompt remedial action to correct it.

For Defendant to be liable for sexual harassment, the conduct must be sufficiently severe or pervasive to alter the terms or conditions of Plaintiff's employment and create a hostile or abusive work environment.  To determine whether the conduct in this case rises to a level that altered the terms or conditions of Plaintiff's employment, you should consider all the circumstances, including:  the frequency of the conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interfered with Plaintiff's work performance.  There is no requirement that the conduct be psychologically injurious. In determining whether a hostile work environment existed, you must consider the evidence from both the Plaintiff's perspective and from the perspective of a reasonable person.  First, Plaintiff must actually find the conduct offensive.  Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances.  You cannot view the evidence from the perspective of an overly sensitive

person, nor can you view the evidence from the perspective of someone who is never offended. Rather, the alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as Plaintiff would find the conduct offensive.

Although sexual harassment must be based on sex, it need not be motivated by sexual desire. Sexual harassment may include extremely insensitive conduct because of sex. Simple teasing, offhand comments, sporadic use of offensive language, occasional sex-related jokes, and isolated incidents (unless extremely serious) will generally not amount to discriminatory changes in the terms and conditions of employment. Discriminatory intimidation, ridicule, sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature in the workplace may be sufficiently extreme to alter the terms and conditions of employment.

In determining whether Defendant knew or should have known of the harassment, Plaintiff must prove that (a) the harassment was known or communicated to a person who had the authority to receive, address, or report the complaint, even if that person did not do so, or (b) the harassment was so open and obvious that Defendant should have known of it.

Prompt remedial action is conduct by the Defendant that is reasonably calculated to stop the harassment and remedy the situation. Whether Defendant's actions were prompt and remedial depends upon the particular facts, and you may look at, among other things, the effectiveness of any actions taken.

**BASIS FOR DISPUTE:**

Defendant disputes the foregoing Plaintiff's Jury Instruction No. 2 on Sexual Harassment because it fails to address all of the *prima facie* elements of Plaintiff's same-sex sexual harassment claim as set forth in *E.E.O.C. v. Boh Bros. Const. Co., L.L.C.*, 731 F.3d 444, 453 (5th Cir. 2013); *Cherry v. Shaw Coastal, Inc.*, 668 F.3d 183, 188 (5th Cir. 2012); and *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80-81, 118 S. Ct. 998, 1002, 140 L. Ed. 2d 201 (1998).  Defendant submits its proposed Jury Instruction No. 11 on Same-Sex Sexual Harassment accurately reflects all of Plaintiff's *prima facie* elements for his same-sex sexual harassment claim and should be submitted to the jury instead of Plaintiff's Jury Instruction No. 2.

## PLAINTIFF'S JURY INSTRUCTION NO. 3

## RETALIATION

## DISPUTED BY DEFENDANT

Plaintiff also claims he was retaliated against for reporting the sexual harassment and for filing a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission. It is unlawful for an employer to retaliate against an employee for engaging in such actions.

To prove unlawful retaliation, Plaintiff must prove by a preponderance of the evidence that Defendant took an adverse employment action against him because he engaged in protected activity.  Protected activity includes opposing an employment practice that is unlawful under Title VII, making a charge of discrimination, or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII. Plaintiff must prove that he had at least a reasonable belief that Hunt's actions were unlawful under Title VII.

Plaintiff does not have to prove that unlawful retaliation was the sole reason for Defendant suspending him or terminating him, but, instead, that but for his complaints of sexual harassment or the filing of his EEOC charge of discrimination he would not have been suspended in May 2009 or terminated in October 2009.

If you disbelieve the reason(s) Defendant has given for its decisions, you may infer that Defendant suspended the Plaintiff or terminated his employment because he

reported the sexual harassment or filed his charge of discrimination against the Defendant with the Equal Employment Opportunity Commission.

**BASIS FOR DISPUTE:**

Defendant disputes Plaintiff's Jury Instruction No. 3 on Retaliation because it fails to incorporate Defendant's contentions, as required by Fifth Cir. Labor & Employment Pattern Jury Charge No. 11.6.1.  Further, Defendant objects to this Instruction as it does not clearly articulate the Plaintiff's burden to prove retaliation as set forth in *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2522-34, 186 L. Ed. 2d 503 (2013) (Title VII retaliation claims must be proved according to traditional principles of but-for causation, not the lessened "motivating factor" causation test stated in § 2000e-2(m)).  Defendant submits its Jury Instruction No. 12 on Retaliation should be submitted to the jury in lieu of Plaintiff's Jury Instruction No. 3.

## PLAINTIFF'S JURY INSTRUCTION NO. 4

## INSTRUCTIONS ON DAMAGES

## DISPUTED BY DEFENDANT

If you found that Plaintiff was subjected to sexual harassment, then you must determine whether Defendant has caused Plaintiff damages and, if so, you must determine the amount, if any, of those damages.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. On the other hand, Plaintiff need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of damages, and no others: (1) economic loss, which includes back pay and benefits; (2) punitive damages, and (3) compensatory damages, which include emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

Back pay and benefits include the amounts the evidence shows Plaintiff would have earned had he remained an employee of Defendant, and includes fringe benefits such as life and health insurance, stock options, contributions to retirement, etc., minus the amounts of earnings and benefits, if any, Defendant proves by a preponderance of the evidence, Plaintiff received in the interim.

There is no exact standard for determining compensatory damages. You are to determine an amount that will fairly compensate Plaintiff for any injury he has sustained.

Do not include as compensatory damages back pay or interest on back pay and/or benefits.

You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case.

**Basis for Dispute:**

Defendant disputes Plaintiff's Instruction No. 4 on Damages.  Defendant proposes submitting separate instructions for each type of damages for multiple reasons:   1) Defendant submits that back pay is not an issue to be decided by the jury; 2) Defendant intends to seek bifurcation of the issue of punitive damages; 3) separate instructions are clearer and would be easier for the jury to understand.  Defendant further objects to Plaintiff's Jury Instruction No. 4 to the extent it excludes the pertinent instructions on Plaintiff's failure to mitigate his damages and the standards for awarding punitive damages (in the event punitive damages are not bifurcated).  Defendant submits that its Jury Instruction Nos. 14 through 19 regarding damages should be submitted to the jury instead of Plaintiff's Jury Instruction No. 4.

## DEFENDANT'S JURY INSTRUCTION NO. 1

## PRELIMINARY INSTRUCTIONS[4]

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case.  As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure.  From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement.  Opening statements are intended to assist you in understanding the evidence. What the lawyers say is not evidence.

After the opening statements, the plaintiff will call witnesses and present evidence. Then, the defendant will have an opportunity to call witnesses and present evidence. After the parties' main case is completed, the plaintiff may be permitted to present rebuttal evidence.  After all the evidence is completed, the lawyers will again address you to make final arguments.  Then I will instruct you on the applicable law.  You will then retire to deliberate on a verdict.

Keep an open mind during the trial.  Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence.  [Do not take notes.]

[Alternate 1:  You will need to rely on your memories.]

---

[4] Fifth Circuit Pattern Jury Instructions, Civil Cases, No. 1.1 (2006).

[Alternate 2:  If you would like to take notes during the trial, you may do so.  If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony.  Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes.  If you do not take notes, rely on your own independent memory of the testimony.  Do not be unduly influenced by the notes of other jurors.  A juror's notes are not entitled to any greater weight than the recollection of each juror concerning the testimony.]

Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations.  On the other hand, any exhibits [may] [will] be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence.  Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case.  If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately.  Hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys and persons associated with them.  It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case.  You are to be guided solely by what you see and hear in this trial.  Do not learn anything about the case from any other source.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence.  I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements.

## DEFENDANT'S JURY INSTRUCTION NO. 2

## USE OF NOTES TAKEN BY JURORS[5]

Any notes that you have taken during this trial are only aids to your memory.  If your memory differs from your notes, you should rely on your memory and not on the notes.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

---

[5] Fifth Circuit Pattern Jury Instruction, Civil Cases, No. 2.21 (2006).  Defendant submits this instruction should be given only in the event the Court allows the jury to take notes.

## **DEFENDANT'S JURY INSTRUCTION NO. 3**

## **PLAINTIFFS AND DEFENDANTS EQUAL[6]**

In this case, the Defendant is a corporation, so I must impress upon you that this fact does not, and cannot, have any bearing whatsoever in your decision in this case. Defendant and Plaintiff stand equal before the law, whether they are people or organizations.  It is your sworn duty to decide this case on its merits and to have due regard that this case is between parties of equal standing before the law, who are entitled to be treated as equals in a court of justice.  In other words, the fact that Plaintiff is an individual and Defendant is a corporation has no bearing, one way or the other, on the merits of this case.  You must decide this case on its merits, and solely on its merits, without regard for the identity of the parties.

---

[6] Fifth Circuit Pattern Jury Instructions, Civil Cases, No. 2.13 (2006); *Modern Federal Jury Instructions*, 3-72-1 (1988).

## **DEFENDANT'S JURY INSTRUCTION NO. 4**

## **CONSIDERATION OF THE EVIDENCE[7]**

You must consider only the evidence in this case.  However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider.  One is direct evidence—such as testimony of an eyewitness.  The other is indirect or circumstantial evidence—the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts.  The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

---

[7] Fifth Circuit Pattern Jury Instructions, Civil Cases, No. 2.18 (2006).

## DEFENDANT'S JURY INSTRUCTION NO. 5

## CREDIBILTY OF WITNESSES[8]

You are the sole and exclusive judges of the credibility of the witnesses who have testified in this case.  In determining the credibility of a witness, you may consider the matter that has a tendency in reason to prove or disprove the truthfulness of other testimony of the witness, including but not limited to the following:

1. The demeanor of the witness while testifying and the manner in which he testifies;

2. The character of that testimony;

3. The extent of the capacity of the witness to perceive, to recollect, or to communicate any manner about which the witness has testified;

4. The character of the witness for honesty or veracity or their opposites; and

5. The existence or nonexistence of a bias, interest, or other motive.

You are not, of course, bound to believe something merely because someone has sworn to it, because we all know a person can swear to a falsehood if he has the will to do so.  If a witness is shown to have knowingly testified falsely concerning any matter, you have a right to reject all the testimony of that witness or to give it such credibility as you think it deserves.

---

[8] *Modern Federal Jury Instructions*, 5-76-1 (1988); *see also* Fifth Circuit Pattern Jury Instructions, Civil Cases, No. 2.16 (2006).

21

Also, a witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something or has failed to say or do something which is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive providence to give the testimony of that witness such credibility, if any, as you may think it deserves.

## **DEFENDANT'S JURY INSTRUCTION NO. 6**

## **IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS[9]**

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony he gave at the trial.

---

[9] Fifth Circuit Pattern Jury Instructions, Civil Cases, No. 2.16 (2006).

## **DEFENDANT'S JURY INSTRUCTION NO. 7**

## **LIMITING INSTRUCTION – DOCUMENTS INTRODUCED**[10]

You will recall that during the course of this trial I instructed you that I admitted certain testimony and documents for a limited purpose and I instructed you that you may consider some testimony and documents only for the specified limited purposes for which they were admitted.   You may consider such evidence only for the specific limited purposes for which it was admitted.

---

[10] Adapted from Fifth Circuit Pattern Jury Instructions, Civil Cases, No. 2.15 (2006).

## DEFENDANT'S JURY INSTRUCTION NO. 8

## BURDEN OF PROOF[11]

In this case, the plaintiff must prove every essential part of his claims by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claims are more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of plaintiff's claims by a preponderance of the evidence, you should find for the defendant as to that claim.

---

[11] Fifth Circuit Pattern Jury Instructions, Civil Cases, No. 2.20 (2006).

## **DEFENDANT'S JURY INSTRUCTION NO. 9**

## **AT-WILL EMPLOYMENT**[12]

Plaintiff was an at-will employee of NOV.  The parties do not dispute the fact that NOV was free to terminate plaintiff's employment at its will, without cause and without notice, for a wise reason or an unwise reason, or for no reason at all, and that plaintiff was similarly free to resign from his employment at NOV at any time, for any reason.  In Texas, this is referred to as employment at-will.  In an at-will employment relationship, the employer may terminate the employee, such as Plaintiff, for any reason except for an unlawful reason.

Therefore, the fact that NOV terminated Plaintiff's employment should not influence your decision in this case.

---

[12] *County of Dallas v. Wiland*,  216 S.W.3d 344, 347 (Tex. 2007) ("For well over a century, the general rule in this State, as in most American jurisdictions, has been that absent a specific agreement to the contrary, employment may be terminated by the employer or the employee  at will, for good cause, bad cause, or no cause at all.")

## DEFENDANT'S JURY INSTRUCTION NO. 10

## BUSINESS JUDGMENT RULE[13]

It is important that you know that your verdict in this case should not be reached on the basis of whether or not you agree with any of the business decisions made by NOV. NOV has the right to make employment decisions without interference from the courts, so long as it does not violate the law as I will describe it to you.

Nor is it your function as a jury to substitute your judgment for that of NOV on these matters. An employer has the right to make business decisions, including terminating an employee, for good reasons, bad reasons, or no reason at all, so long as the reason was not based on an unlawful reason.  The wisdom or fairness of these business decisions are not to be decided by you.

Accordingly, you may not find in favor of Plaintiff simply because you might disagree with any of NOV's employment decisions, so long as those employment decisions were not the result of unlawful conduct.

---

[13] *LeMaire v. Louisiana Dept. of Transp. & Dev.*, 480 F.3d 383, 391 (5th Cir. 2007) ("Our anti-discrimination laws do not require an employer to make proper decisions, only non-retaliatory ones.").

**DEFENDANT'S JURY INSTRUCTION NO. 11**

**SEXUAL HARASSMENT (HOSTILE WORK ENVIRONMENT)[14]**

1.      Plaintiff claims he was sexually harassed by co-worker Steve Hunt and that his
employer, Defendant, knew, or in the exercise of reasonable care should have
known, of the harassment, but did not take prompt remedial action.

2.      Defendant denies Plaintiff's claims and contends that it first learned of the alleged
harassment by Hunt after Hunt complained to NOV that Plaintiff called Hunt a
"stupid Americano;" that Plaintiff made his complaint in retaliation for Hunt's
complaint against him; and that Hunt's conduct did not amount to harassment
based on sex.  Defendant further contends that it took prompt remedial action upon
learning of Plaintiff's complaint against Hunt.

3.      It is unlawful for an employer to discriminate against an employee because of the
employee's sex.  This includes same-sex sexual harassment.

4.      Sexual harassment is unwelcome conduct that is based on plaintiff's sex.  Here,
Plaintiff must establish that the alleged conduct was based on his sex as opposed
to male-on-male horseplay.[15]   He may do so by proving that Steve Hunt is
homosexual and made explicit or implicit proposals of sexual activity.[16]  Plaintiff
may prove that Hunt is homosexual by proving that Hunt (1) "intended to have

---

[14] Fifth Circuit Labor and Employment Law Pattern Jury Charges 11.4.3 (2009) (adapted for
same-sex harassment based on caselaw cited herein).
[15] *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80-81, 118 S. Ct. 998, 1002, 140 L.
Ed. 2d 201 (1998).
[16] *E.E.O.C. v. Boh Bros. Const. Co., L.L.C.*, 731 F.3d 444, 453 (5th Cir. 2013); *Oncale*, 523 U.S.
at 80-81.

some kind of sexual contact with the Plaintiff rather than to merely humiliate him for reasons unrelated to sexual interest", or that Hunt (2) "made same-sex sexual advances to others, especially to other employees."[17]

5.   If Plaintiff can prove that Hunt's conduct toward him was based on his sex, then for Defendant to be liable for sexual harassment, Plaintiff must also prove that the conduct was sufficiently severe or pervasive to alter the terms or conditions of Plaintiff's employment and create a hostile or abusive work environment.[18]

6.   To determine whether the conduct in this case rises to a level that alters the terms or conditions of Plaintiff's employment, you should consider all the circumstances, including:  the frequency of the conduct; its severity; whether it was physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interfered with Plaintiff's work performance.[19]  There is no requirement that the conduct be psychologically injurious.[20]

7.   In determining whether a hostile work environment existed, you must consider the evidence from both the Plaintiff's perspective and from the perspective of a reasonable person.  First, Plaintiff must actually find the conduct offensive.  Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances.  You cannot view

---

[17] *Cherry v. Shaw Coastal, Inc.*, 668 F.3d 182, 188 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 162, 184 L. Ed. 2d 34 (2012) (citing *La Day v. Catalyst Technology*, 302 F.3d 474, 480 (5th Cir. 2002)).
[18] *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66-67 (1986).
[19] *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).
[20] *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22 (1993).

the evidence from the perspective of an overly sensitive person, nor can you view the evidence from the perspective of someone who is never offended.  Rather, the alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as Plaintiff would find the conduct offensive.[21]

8.   Sexual harassment may include extremely insensitive conduct because of sex. Simple teasing, offhand comments, sporadic use of offensive language, occasional gender-related jokes, and isolated incidents (unless extremely serious) will generally not amount to discriminatory changes in the terms and conditions of Plaintiff's employment.  Discriminatory intimidation, ridicule, sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature in the workplace may be sufficiently extreme to alter the terms and conditions of employment.[22]

9.   You must "not mistake ordinary socializing in the workplace – such as male-on-male horseplay or intersexual flirtation – for discriminatory "conditions of employment."[23]  It is not sufficient that the conduct at issue was merely tinged with offensive sexual connotations. Plaintiff must prove that the conduct actually constituted 'discrimination because of sex.'"[24]

10.   Finally, Defendant is only liable for sexual harassment if Plaintiff can prove that it knew or should have known of the harassment.  To do so, Plaintiff must prove that

---

[21] *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998).
[22] *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).
[23] *Oncale*, 523 U.S. at 81.
[24] *Oncale*, 523 U.S. at 80.

(a) the harassment was known or communicated to a person who had the authority to receive, address, or report the complaint, even if that person did not do so,[25] or (b) the harassment was so open and obvious that Defendant should have known of it.[26]

11.   Defendant may not be liable for sexual harassment if it took prompt remedial action.   Prompt remedial action is conduct by the Defendant that is reasonably calculated to stop the harassment and remedy the situation.   Whether Defendant's actions were prompt and remedial depends upon the particular facts, and you may look at, among other things, the effectiveness of any actions taken.[27]   An employer takes prompt remedial action when it takes the allegation seriously, conducts a prompt and thorough investigation, and immediately implements remedial and/or disciplinary measures based on the results of its investigation.[28]

---

[25] *Williamson v. City of Houston*, 148 F.3d 462, 466-67 (5th Cir. 1998).

[26] *Pfau v. Reed,* 125 F.3d 929 (5th Cir. 1997); *Sharp v. City of Houston*, 164 F.3d 923, 929 (5th Cir. 1999).

[27] *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 477 (5th Cir. 1989).

[28] *Carlson v. Rockwell Space Operations Co.*, 985 F. Supp. 674, 688-89 (S.D. Tex. 1996), *aff'd sub. nom. Carlson v. Rockwell Int'l Corp.*, 132 F.3d 1453 (5th Cir. 1997).

## DEFENDANT'S JURY INSTRUCTION NO. 12

## TITLE VII—RETALIATION[29]

1.    Plaintiff claims he was retaliated against for engaging in activity protected by Title VII.

2.    Defendant denies Plaintiff's claims and contends that it took action against Plaintiff for legitimate non-retaliatory reasons unrelated to any protected activity.

3.    It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII.

4.    To prove unlawful retaliation, Plaintiff must prove by a preponderance of the evidence that Defendant took an adverse employment action against him because he engaged in protected activity.

5.    Protected activity[30] includes opposing an employment practice that is unlawful under Title VII or making a charge of discrimination under Title VII.[31]   If the claim is for opposing an employment practice, Plaintiff must prove that he had at least a reasonable belief that the practice was unlawful under Title VII.[32]

---

[29] Fifth Circuit Labor and Employment Law Pattern Jury Charges 11.6.1 (2009) (adapted in light of the Supreme Court's decision in *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2522-34, 186 L. Ed. 2d 503 (2013) (Title VII retaliation claims must be proved according to traditional principles of but-for causation, not the lessened "motivating factor" causation test stated in § 2000e-2(m))).

[30] Committee Note:  Whether activity is protected by Title VII will generally be determined by the court as a matter of law.  If it has been established as a matter of law, or is not contested, the court may omit this paragraph.

[31] *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 520 (5th Cir. 2001); *see also* 42 U.S.C. § 2000e-3.

[32] *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996).

6.      "Adverse employment action" covers those (and only those) employer actions that could well dissuade a reasonable worker from making or supporting a charge of discrimination.[33]

7.      Plaintiff must prove that unlawful retaliation would not have occurred "but for" his protected activity.[34]

8.      If you disbelieve the reason(s) Defendant has given for its decisions, you may infer Defendant took the adverse employment actions against Plaintiffs because they engaged in protected activity.[35]

---

[33] *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 58-59 (2006).

[34] *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2522-34, 186 L. Ed. 2d 503 (2013) (Title VII retaliation claims must be proved according to traditional principles of but-for causation, not the lessened "motivating factor" causation test stated in § 2000e-2(m)).

[35] *Ratliff v. City of Gainesville*, 256 F.3d 355, 359-62 (5th Cir. 2001).

## DEFENDANT'S JURY INSTRUCTION NO. 13

## CONCLUSIONS OR SPECULATIONS ARE NOT ENOUGH TO PROVE HARASSMENT OR RETALIATION[36]

The Plaintiff's subjective beliefs of harassment or retaliation, however genuine, cannot be the basis of a finding that the Defendant is liable for harassment or retaliation. Personal beliefs, conjecture, and speculation do not give rise to an inference of harassment or retaliation.  The Plaintiff must produce evidence, other than his own opinions, that would lead you to reasonably conclude that, more likely than not, he was intentionally treated unlawfully due to his sex and/or because of his alleged protected activity.

---

[36] *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137 (5th Cir. 1996); *Douglas v. United States Services Automobile Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996).

## DEFENDANT'S JURY INSTRUCTION NO. 14

## DAMAGES UNDER TITLE VII[37]

1.    If you find that Defendant violated Title VII, then you must determine whether Defendant has caused Plaintiff damages and, if so, you must determine the amount, if any, of those damages.

2.    Plaintiff must prove his damages by a preponderance of the evidence.  Your award must be based on evidence and not speculation or guesswork.  On the other hand, Plaintiff need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.[38]

---

[37] Adapted from Fifth Circuit Labor and Employment Law Pattern Jury Charge 11.8 (2009) to present separate instructions on the separate categories of damages.
[38] *United States v. U.S. Steel*, 520 F.2d 1043, 1050 (5th Cir. 1975).

## DEFENDANT'S JURY INSTRUCTION NO. 15

## BACK PAY AND BENEFITS UNDER TITLE VII[39]

1.    If you find that Defendant violated Title VII, then you must determine whether Defendant has caused Plaintiff to suffer lost wages, called "back pay", and/or benefits.  Back pay and benefits include the amounts the evidence shows Plaintiff would have earned had he remained an employee of Defendant, and includes fringe benefits such as life and health insurance, stock options, contributions to retirement, *etc.*, minus the amounts of earnings and benefits, if any, Defendant proves by a preponderance of the evidence, Plaintiff received in the interim.[40]

---

[39] Adapted from Fifth Circuit Labor and Employment Law Pattern Jury Charge 11.8 (2009) to present separate instructions on the separate categories of damages.  Defendant submits this instruction should only be included if the Court denies Defendant's Motion *in Limine* on the issue of back pay, and/or empanels an advisory jury on this issue.

[40] *Marks v. Prattco*, 633 F.2d 1122, 1125 (5th Cir. 1981).

## DEFENDANT'S JURY INSTRUCTION NO. 16

## MITIGATION UNDER TITLE VII[41]

1.   Defendant asserts that Plaintiff failed to mitigate his back pay damages. To prevail on this defense, Defendant must show, by a preponderance of the evidence, that: (a) there were "substantially equivalent employment" positions available; (b) Plaintiff failed to use reasonable diligence in seeking those positions; and (c) the amount by which Plaintiff's damages were increased by his failure to take such reasonable actions.[42]

2.   "Substantially equivalent employment" means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job he lost. Plaintiff does not have to accept a job that is dissimilar to the ones he lost, one that would be a demotion, or one that would be demeaning.[43]   The reasonableness of Plaintiff's diligence should be evaluated in light of the individual characteristics of Plaintiff and the job market.[44]

---

[41] Adapted from Fifth Circuit Labor and Employment Law Pattern Jury Charge 11.8 (2009) to present separate instructions on the separate categories of damages.  Defendant submits this instruction should only be included if the Court denies Defendant's Motion *in Limine* on the issue of back pay, and/or empanels an advisory jury on this issue.

[42] *50-Off Stores, Inc. v. Banques Paribas (Suisse), S.A.*, 180 F.3d 247, 258 (5th Cir. 1999); *Floca v. Homecare Health Servs., Inc.,* 845 F.2d 108 (5th Cir. 1988); *Ballard v. El Dorado Tire Co.*, 512 F.2d 901, 906 (5th Cir. 1975).

[43] *Ford Motor Co. v. EEOC*, 458 U.S. 219 (1982).

[44] *Sellers v. Delgado Coll.*, 902 F.2d 1189, 1993 (5th Cir. 1999).

**DEFENDANT'S JURY INSTRUCTION NO. 17**

**NON-WAGE COMPENSATORY DAMAGES UNDER TITLE VII**[45]

1.    If you find that the Defendant is liable to the Plaintiff, then you must determine an amount that is fair compensation for all of the Plaintiff's non-wage damages. These damages are called compensatory damages.  The purpose of compensatory damages is to make the Plaintiff whole—that is, to compensate the Plaintiff for the damage that the Plaintiff has suffered.

2.    You may award compensatory damages only for injuries that the Plaintiff proves were proximately caused by the Defendant's allegedly wrongful conduct.  The damages that you award must be fair compensation for all of the Plaintiff's damages, no more and no less.  Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendant.  You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered or that the Plaintiff is reasonably likely to suffer in the future.

3.    If you decide to award non-wage compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that the Plaintiff proves the amount of his losses

---

[45] Adapted from Fifth Circuit Labor and Employment Law Pattern Jury Charge 11.8 (2009) and Fifth Circuit Pattern Jury Instruction, Civil Cases, No. 15.2 (2006) to present separate instructions on the separate categories of damages.

with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

4.     You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

5.     There is no exact standard for determining compensatory damages.  You are to determine an amount that will fairly compensate Plaintiff for any injury he has sustained.[46]   Do not include as compensatory damages back pay or interest on back pay and/or benefits.

---

[46] Fifth Circuit Labor and Employment Law Pattern Jury Charge 11.8 (2009) (citing SEVENTH CIR. PATTERN JURY INSTR. 7.23).

## DEFENDANT'S JURY INSTRUCTION NO. 18

## PUNITIVE DAMAGES UNDER TITLE VII[47]

1.    Punitive damages are those damages designed to punish a defendant and to deter a defendant and others from engaging in similar conduct in the future.[48]

2.    In this case you may award punitive damages if Plaintiff proves by a preponderance of the evidence that:   (1) the individual who engaged in the discriminatory act(s) or practice(s) was a managerial employee; (2) he engaged in the discriminatory act(s) or practice(s) while acting in the scope of his employment; and (3) he acted with malice or reckless indifference to Plaintiff's federal protected right to be free from harassment and retaliation.[49]

3.    In determining whether an employee was a "managerial employee" of Defendant, you should consider the type of authority the employee had over Plaintiff and whether Defendant delegated employment decisions to the employee.[50]

4.    An action was in "reckless indifference" to Plaintiff's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal

---

[47] Adapted from Fifth Circuit Labor and Employment Law Pattern Jury Charge 11.8 (2009) to present separate instructions on the separate categories of damages.  Defendant submits this instruction should only be included if the Court denies Defendant's anticipated motion to bifurcate punitive damages.

[48] *Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 188 F.3d 278, 284 n.4 (5th Cir. 1999).

[49] *Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 188 F.3d 278, 284 n.4 (5th Cir. 1999); *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535 (1999).

[50] *Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 188 F.3d 278, 285 (5th Cir. 1999); *Barrow v. New Orleans Steamship Ass'n*, 10 F.3d 292, 297 (5th Cir. 1994); *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535 (1999).

law.[51] Plaintiff is not required to show egregious or outrageous discrimination to recover punitive damages.  However, proof that Defendant engaged in intentional discrimination is not enough in itself to justify an award of punitive damages.[52]

5.  If Plaintiff has proven these facts, then you may award punitive damages, unless Defendant proves by a preponderance of the evidence that the conduct was contrary to the employer's good faith efforts to prevent discrimination in the workplace.[53]

6.  In determining whether Defendant made "good faith efforts" to prevent discrimination in the workplace, you may consider things like whether it adopted anti-discrimination policies, whether it educated its employees on the federal anti-discrimination laws, how it responded to Plaintiff's complaint of discrimination, and how it responded to other complaints of discrimination.[54]

7.  The law does not require you to award punitive damages.  However, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed a plaintiff has been made whole by compensatory damages, so punitive damages should be awarded only if the defendant's misconduct, after having paid compensatory

---

[51] *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536 (1999).

[52] *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535 (1999).

[53] *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 545-46 (1999); *Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 188 F.3d 278, 281, 286 (5th Cir. 1999).

[54] *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 72 (1986); *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998); *Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 188 F.3d 278, 286 (5th Cir. 1999).

damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.[55]

---

[55] Fifth Circuit Pattern Jury Instructions Civil 15.13 (2006).

## **DEFENDANT'S JURY INSTRUCTION NO. 19**

## **CONSIDER DAMAGES ONLY IF NECESSARY[56]**

If the Plaintiff has proven his claims against the Defendant by a preponderance of the evidence, you must determine the damages to which Plaintiff is entitled.  You should not interpret the fact that I have given instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, win this case.  It is your task first to decide whether Defendant is liable.  I am instructing you on damages only so that you will have guidance in the event you decide that Defendant is liable and that Plaintiff is entitled to recover money from Defendant.

---

[56] Fifth Circuit Pattern Jury Instructions, Civil Cases, No. 15.1 (2006).

## **PLAINTIFF'S JURY QUESTIONS**

## **DISPUTED BY DEFENDANT**

*Question No. 1*

*Was Plaintiff sexually harassed?*

*Answer "Yes" or "No."*

_____

*If you answered "Yes" to Question No. 1, then answer the following Question:*

*Question No. 2*

*Did Defendant know, or in the exercise of reasonable care should Defendant have known, that Plaintiff was being sexually harassed?*

*Answer "Yes" or "No."*

_____

*If you answered "Yes" to Question No. 2, then answer the following Question:*

*Question No. 3*

*Did Defendant fail to take prompt and effective remedial action?*

*Answer "Yes" or "No."*

_____

*If you have answered Questions 1, 2, and 3 "Yes," then answer the following question. If not, please go to Question No. 5.*

*Question No. 4*

*What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff for the damages, if any, you have found the sexual harassment caused Plaintiff?*

*Answer in dollars and cents for the following item and none other:*

*Compensatory damages, which is emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life: _____*

**Basis for Dispute:**

Defendant objects to these questions as the Jury should be required to answer questions as to each element of Plaintiff's same-sex sexual harassment claim. Defendant further submits that additional instructions should be included with respect to each question. Defendant submits that its proposed Jury Interrogatories and Verdict Form, below, should be submitted to the jury instead of Plaintiff's proposed Jury Questions.

*Question No. 5*

*Did Defendant suspend the Plaintiff in May 2009 because he reported sexual harassment?*

*Answer "Yes" or "No."*

_____

*Question No. 6*

*Did Defendant terminate Plaintiff's employment because he reported sexual harassment or filed against Defendant a charge of discrimination with the EEOC?*

*ANSWER Yes" or "No."*

_____

*If you answered "Yes" to Question 5 or 6, please answer the following question.*

*Question No. 7*

*What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff for the damages, if any, you have found the suspension or termination caused Plaintiff?*

*Answer in dollars and cents for the following items and none other:*

*Back pay: _____*

45

> *Compensatory damages, which is emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life: _____*

**<u>Basis for Dispute:</u>**

Defendant objects to these questions as the Jury should be required to answer questions as to each of the elements of Plaintiff's retaliation claims.  Defendant further submits that additional instructions should be included with each question.  Defendant submits that its Jury Interrogatories and Verdict Forms should be used in lieu of Plaintiff's proposed Jury Questions.

## DEFENDANT'S PROPOSED JURY
## INTERROGATORIES AND VERDICT FORMS

Ladies and Gentlemen of the Jury, please answer the following questions and follow the instructions beneath each question.

WE, THE JURY, return the following verdicts in this case:

### A.    SEXUAL HARASSMENT

YOU MUST UNANIMOUSLY AGREE ON THE ANSWERS TO EACH OF THE FOLLOWING QUESTIONS YOU ARE HEREBY REQUIRED TO ANSWER:

1.    Do you find that Plaintiff has proved by a preponderance of the evidence that he was subjected to unwelcome harassment?

YES _____

NO _____

IF YOU ANSWERED "YES" TO QUESTION 1, PROCEED TO QUESTION 2.  IF YOU ANSWERED "NO" TO QUESTION 1, PLEASE CHECK THE FOLLOWING BOX ON VERDICT FORM 1:  "☐ WE, THE JURY, FIND IN FAVOR OF DEFENDANT NATIONAL OILWELL VARCO, L.P. ON PLAINTIFF'S CLAIM FOR SEXUAL HARASSMENT", SIGN AND DATE THE FORM, AND RETURN IT TO THE BAILIFF.

2.    Do you find that Plaintiff has proved by a preponderance of the evidence that the harassment was based on his sex?

YES _____

NO _____

IF YOU ANSWERED "YES" TO QUESTION 2, PROCEED TO QUESTION 3.  IF YOU ANSWERED "NO" TO QUESTION 2, PLEASE CHECK THE FOLLOWING BOX ON VERDICT FORM 1:  "☐ WE, THE JURY, FIND IN FAVOR OF DEFENDANT NATIONAL OILWELL VARCO, L.P. ON PLAINTIFF'S CLAIM FOR SEXUAL HARASSMENT", SIGN AND DATE THE FORM, AND RETURN IT TO THE BAILIFF.

3.      Do you find that the sex-based harassment affected a term, condition, or privilege of Plaintiff's employment?

YES _____

NO _____

IF YOU ANSWERED "YES" TO QUESTION 3, PROCEED TO QUESTION 4.  IF YOU ANSWERED "NO" TO QUESTION 3, PLEASE CHECK THE FOLLOWING BOX ON VERDICT FORM 1:  "☐ WE, THE JURY, FIND IN FAVOR OF DEFENDANT NATIONAL OILWELL VARCO, L.P. ON PLAINTIFF'S CLAIM FOR SEXUAL HARASSMENT", SIGN AND DATE THE FORM, AND RETURN IT TO THE BAILIFF.

4.      Do you find that Defendant knew or should have known of the alleged harassing behavior?

YES _____

NO _____

IF YOU ANSWERED "YES" TO QUESTION 4, PROCEED TO QUESTION 5.  IF YOU ANSWERED "NO" TO QUESTION 4, PLEASE CHECK THE FOLLOWING BOX ON VERDICT FORM 1:  "☐ WE, THE JURY, FIND IN FAVOR OF DEFENDANT NATIONAL OILWELL VARCO, L.P. ON PLAINTIFF'S CLAIM FOR SEXUAL HARASSMENT", SIGN AND DATE THE FORM, AND RETURN IT TO THE BAILIFF.

5.      Do you find that Defendant took prompt remedial action?

YES _____

NO _____

IF YOU ANSWERED "YES" TO QUESTION 5 PLEASE CHECK THE FOLLOWING BOX ON VERDICT FORM 1: "☐ WE, THE JURY, FIND IN FAVOR OF DEFENDANT NATIONAL OILWELL VARCO, L.P. ON PLAINTIFF'S CLAIM FOR SEXUAL HARASSMENT", SIGN AND DATE THE FORM, AND RETURN IT TO THE BAILIFF.

IF YOU ANSWERED "NO" TO QUESTION 5, PLEASE CHECK THE FOLLOWING BOX ON VERDICT FORM 1:  "☐ WE, THE JURY, FIND FOR PLAINTIFF JOSE S. GARZA ON HIS CLAIM OF SEXUAL HARASSMENT", COMPLETE THE DAMAGES SECTION AND SIGN AND DATE THE FORM, AND RETURN IT TO THE BAILIFF.


_____   _____
JURY FOREPERSON              DATE

## B.    RETALIATION - SUSPENSION

YOU MUST UNANIMOUSLY AGREE ON THE ANSWERS TO EACH OF THE FOLLOWING QUESTIONS YOU ARE HEREBY REQUIRED TO ANSWER:

    1.    Do you find that Plaintiff has proved by a preponderance of the evidence that his suspension from work would dissuade the reasonable worker from making or supporting a charge of discrimination?

    YES _____

    NO _____

IF YOU ANSWERED "YES" TO QUESTION 1, PLEASE PROCEED TO QUESTION 2.  IF YOU ANSWERED "NO" TO QUESTION 1, PLEASE CHECK THE FOLLOWING BOX ON VERDICT FORM 2: "☐ WE, THE JURY, FIND IN FAVOR OF DEFENDANT NATIONAL OILWELL VARCO, L.P. ON PLAINTIFF'S CLAIM FOR RETALIATION – SUSPENSION", SIGN AND DATE THE FORM, AND RETURN IT TO THE BAILIFF.

    2.    Do you find that Plaintiff has proved by a preponderance of the evidence that his internal complaint to Defendant of perceived sexual harassment is the sole reason that Defendant suspended Plaintiff from work?

    YES _____

    NO _____

IF YOU ANSWERED "YES" TO QUESTION 2, PLEASE PROCEED TO QUESTION 3.  IF YOU ANSWERED "NO" TO QUESTION 2, PLEASE CHECK THE FOLLOWING BOX ON VERDICT FORM 2: "☐ WE, THE JURY, FIND IN FAVOR OF DEFENDANT NATIONAL OILWELL VARCO, L.P. ON PLAINTIFF'S CLAIM FOR RETALIATION – SUSPENSION", SIGN AND DATE THE FORM, AND RETURN IT TO THE BAILIFF.

    3.    Do you find that the reason(s) Defendant produced as the reason(s) for suspending Plaintiff from work are the true reasons?

    YES _____

    NO _____

IF YOU ANSWERED "NO" TO QUESTION 3, PROCEED TO QUESTION 4.  IF YOU ANSWERED "YES" TO QUESTION 3, PLEASE CHECK THE FOLLOWING BOX ON VERDICT FORM 2:  "☐ WE, THE JURY, FIND IN FAVOR OF DEFENDANT NATIONAL OILWELL VARCO, L.P. ON PLAINTIFF'S CLAIM FOR RETALIATION – SUSPENSION", SIGN AND DATE THE FORM, AND RETURN IT TO THE BAILIFF.

4.     If you find that the reason(s) Defendant gave for suspending Plaintiff from work were not the true reasons, do you find that Plaintiff has proved by a preponderance of the evidence that the true reason for his suspension from work was his complaint of perceived sexual harassment?

YES _____

NO _____

IF YOU ANSWERED "NO" TO QUESTION 4, PLEASE CHECK THE FOLLOWING BOX ON VERDICT FORM 2: "☐ WE, THE JURY, FIND IN FAVOR OF DEFENDANT NATIONAL OILWELL VARCO, L.P. ON PLAINTIFF'S CLAIM FOR RETALIATION – SUSPENSION", SIGN AND DATE THE FORM, AND RETURN IT TO THE BAILIFF.  IF YOU ANSWERED "YES" TO QUESTION 4, PLEASE CHECK THE FOLLOWING BOX ON VERDICT FORM 2, "☐ WE, THE JURY, FIND IN FAVOR OF PLAINTIFF JOSE S. GARZA ON HIS CLAIM OF RETALIATION – SUSPENSION", COMPLETE THE DAMAGES SECTION AND SIGN AND DATE THE FORM, AND RETURN IT TO THE BAILIFF.

_____     _____
JURY FOREPERSON          DATE

**B.** **RETALIATION - TERMINATION**

YOU MUST UNANIMOUSLY AGREE ON THE ANSWERS TO EACH OF THE FOLLOWING QUESTIONS YOU ARE HEREBY REQUIRED TO ANSWER:

1.  Do you find that Plaintiff has proved by a preponderance of the evidence that his termination from employment would dissuade the reasonable worker from making or supporting a charge of discrimination?

    YES _____

    NO _____

IF YOU ANSWERED "YES" TO QUESTION 1, PLEASE PROCEED TO QUESTION 2.  IF YOU ANSWERED "NO" TO QUESTION 1, PLEASE CHECK THE FOLLOWING BOX ON VERDICT FORM 3:  "☐ WE, THE JURY, FIND IN FAVOR OF DEFENDANT NATIONAL OILWELL VARCO, L.P. ON PLAINTIFF'S CLAIM FOR RETALIATION – TERMINATION", SIGN AND DATE THE FORM, AND RETURN IT TO THE BAILIFF.

2.  Do you find that Plaintiff has proved by a preponderance of the evidence that his internal complaint of perceived sexual harassment and/or his EEOC Charge are the sole reason(s) that Defendant terminated Plaintiff's employment?

    YES _____

    NO _____

IF YOU ANSWERED "YES" TO QUESTION 2, PLEASE PROCEED TO QUESTION 3.  IF YOU ANSWERED "NO" TO QUESTION 2, PLEASE CHECK THE FOLLOWING BOX ON VERDICT FORM 3:  "☐ WE, THE JURY, FIND IN FAVOR OF DEFENDANT NATIONAL OILWELL VARCO, L.P. ON PLAINTIFF'S CLAIM FOR RETALIATION – TERMINATION", SIGN AND DATE THE FORM, AND RETURN IT TO THE BAILIFF.

3.  Do you find that the reason Defendant produced as the reason for terminating Plaintiff's employment is the true reason?

    YES _____

    NO _____

IF YOU ANSWERED "NO" TO QUESTION 3, PROCEED TO QUESTION 4.  IF YOU ANSWERED "YES" TO QUESTION 3, PLEASE CHECK THE FOLLOWING BOX ON VERDICT FORM 3:  "☐ WE, THE JURY, FIND IN FAVOR OF DEFENDANT NATIONAL OILWELL VARCO, L.P. ON PLAINTIFF'S CLAIM FOR RETALIATION – TERMINATION", SIGN AND DATE THE FORM, AND RETURN IT TO THE BAILIFF.

      4.        If you find that the reason Defendant gave for terminating Plaintiff's employment was not the true reason, do you find that Plaintiff has proved by a preponderance of the evidence that the true reason for his termination from employment was his complaint of perceived sexual harassment and/or his filing of an EEOC Charge?

            YES _____

            NO _____

IF YOU ANSWERED "NO" TO QUESTION 4, PLEASE CHECK THE FOLLOWING BOX ON VERDICT FORM 3: "☐ WE, THE JURY, FIND IN FAVOR OF DEFENDANT NATIONAL OILWELL VARCO, L.P. ON PLAINTIFF'S CLAIM FOR RETALIATION – TERMINATION", SIGN AND DATE THE FORM, AND RETURN IT TO THE BAILIFF.  IF YOU ANSWERED "YES" TO QUESTION 4, PLEASE CHECK THE FOLLOWING BOX ON VERDICT FORM 3, "☐ WE, THE JURY, FIND IN FAVOR OF PLAINTIFF JOSE S. GARZA ON HIS CLAIM OF RETALIATION – TERMINATION", COMPLETE THE DAMAGES SECTION AND SIGN AND DATE THE FORM, AND RETURN IT TO THE BAILIFF.

_____   _____
JURY FOREPERSON          DATE

## VERDICT FORM 1 (SEXUAL HARASSMENT)

**Note:**     Complete this form by checking one of the following:

☐     WE, THE JURY, FIND IN FAVOR OF DEFENDANT NATIONAL OILWELL VARCO, L.P. ON PLAINTIFF'S CLAIM FOR SEXUAL HARASSMENT

or

☐     WE, THE JURY, FIND IN FAVOR OF PLAINTIFF JOSE S. GARZA ON HIS CLAIM FOR SEXUAL HARASSMENT

**Note:**     **Complete the following paragraph only if the above finding is in favor of Plaintiff.  If the above finding is in favor of Defendant, have your foreperson sign and date this form because you have completed your deliberation on this claim.**

We find Plaintiff Jose S. Garza's damages as defined in Instructions ___ and ___ to be:

$ _____ (stating the amount or, if none, write the word "none")


_____
Foreperson

_____
Dated

## VERDICT FORM 2 (RETALIATION – SUSPENSION)

**Note:**      Complete this form by checking one of the following:

    ☐    WE, THE JURY, FIND IN FAVOR OF DEFENDANT NATIONAL OILWELL VARCO, L.P. ON PLAINTIFF'S CLAIM FOR RETALIATION–SUSPENSION

        or

    ☐    WE, THE JURY, FIND IN FAVOR OF PLAINTIFF JOSE S. GARZA ON HIS CLAIM FOR RETALIATION–SUSPENSION

**Note:**      **Complete the following paragraph only if the above finding is in favor of Plaintiff.  If the above finding is in favor of Defendant, have your foreperson sign and date this form because you have completed your deliberation on this claim.**

We find Plaintiff Jose S. Garza's damages as defined in Instructions ___ and ___ to be:

    $ _____ (stating the amount or, if none, write the word "none")


_____
Foreperson

_____
Dated

55

## VERDICT FORM 3 (RETALIATION – TERMINATION)

**Note:**        Complete this form by checking one of the following:

☐        WE, THE JURY, FIND IN FAVOR OF DEFENDANT NATIONAL OILWELL VARCO, L.P. ON PLAINTIFF'S CLAIM FOR RETALIATION–TERMINATION

or

☐        WE, THE JURY, FIND IN FAVOR OF PLAINTIFF JOSE S. GARZA ON HIS CLAIM FOR RETALIATION–TERMINATION

**Note:**        **Complete the following paragraph only if the above finding is in favor of Plaintiff.  If the above finding is in favor of Defendant, have your foreperson sign and date this form because you have completed your deliberation on this claim.**

We find Plaintiff Jose S. Garza's damages as defined in Instructions ____ and ____ to be:

$ _____ (stating the amount or, if none, write the word "none")


_____
Foreperson

_____
Dated

18401143.1

56