UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE S. GARZA<br>　　　　Plaintiff<br><br>v.<br><br>NATIONAL OILWELL VARCO, L.P.<br>　　　　Defendant | Civil Action No. 4:12-cv-03532<br><br>Judge Nancy F. Atlas |

## DEFENDANT'S MOTION *IN LIMINE*

Defendant National Oilwell Varco, L.P., (hereinafter "Defendant" or "NOV") hereby files its Motion *in Limine* with incorporated memorandum, seeking to exclude evidence and/or argument that is incompetent, irrelevant, and/or prejudicial to the material issues in this case. If the matters referenced below are admitted at trial, incurable irreparable harm will occur. Accordingly, Defendant asks the Court to prohibit Plaintiff Jose S. Garza, any witnesses, and Plaintiff's attorney(s) from offering or discussing in the presence of the jury any of the following matters without first asking for and obtaining a ruling from the Court outside the presence of the jury on the admissibility of the evidence or the appropriateness of the argument.

### I.　　Defendant's Wealth and Ability to Pay Large Verdict

Any comment, argument, and/or evidence that Defendant is wealthy and/or a large company, including evidence that Defendant is capable of paying a large verdict and/or allegations of Plaintiff's financial adversity or Defendant's financial prosperity should be excluded. "It has been widely held by the courts that have considered the problem that the financial standing of the defendant is inadmissible as evidence in determining the

amount of compensatory damages to be awarded." *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). Even if such evidence is relevant, the relevance is substantially outweighed by the danger of unfair prejudice to Defendant. Fed. R. Evid. 401, 402, 403; *Garcia v. Sam Tanksley Trucking, Inc.*, 708 F.2d 519, 522 (10th Cir. 1983) ("Reference to the wealth or poverty of either party, or reflection on financial disparity, is clearly improper argument.").

## II.     Reference to the Size of the Law Firm Representing NOV or to Geographic Location of Defense Counsel

Any reference to Plaintiff's attorney Peter Costea's status as a solo practitioner, or the size and/or locations of Ogletree Deakins, which NOV has hired to represent it in this matter, should be excluded. The fact that NOV's attorneys are members of a large law firm is irrelevant. The only purpose in revealing the size or locations of the law firm employed by NOV is to attempt to inject prejudice into the case under the presumption, or at least the hope, that jurors will draw negative inferences about NOV from the size of the law firm that they have retained. Specifically, negative inferences may be made by suggesting that NOV is able to afford a "big firm" or that NOV must be very concerned about its liability. There is no legitimate reason to inform the jurors of how many attorneys there are at defense counsel's law firm. Moreover, the geographic location of defense counsel is irrelevant and also should not be commented upon before the jury. Accordingly, NOV requests that the Court exercise its discretion pursuant to Federal Rules of Evidence 401, 402, and 403, and exclude the presentation of such information to the jury.

**III.     Golden Rule Arguments**

References or comments in opening statement, closing argument, or at any other point of the trial, that jury members should "stand in Plaintiff's shoes" should be excluded at trial.  This is otherwise known as the "golden rule" argument. The Fifth Circuit "'has forbidden plaintiff's counsel to explicitly request a jury to place themselves in the plaintiff's position and do unto him as they would have him do unto them.'" *Whitehead v. Food Max of Mississippi, Inc.*, 163 F.3d 265, 278 (5th Cir. 1998) (quoting *Stokes v. Delcambre*, 710 F.2d 1120, 1128 (5th Cir. 1983)).  Such arguments are not proper because they "encourage the jury to 'decide the case on the basis of personal interest and bias rather than on the evidence.'"  *Id*.  (quoting *Loose v. Offshore Navigation, Inc.*, 670 F.2d 493, 496 (5th Cir. 1982) (internal cites omitted)).

**IV.     Argument Asking the Jury to "Send a Message" or to "Act as the Conscience of the Community"**

References in opening statement, closing argument, or at any other point of the trial, that jury members should "send a message" to NOV's boardroom, act as the "conscience of the community," or consider similar and equally improper factors in determining whether to award compensatory damages, or in determining the size of such awards, should be excluded at trial.  Such instructions are inherently prejudicial because they, on their face, urge the jury to render its verdict based on "passion and prejudice." Additionally, the jury must base its award of compensatory damages on the evidence presented in the case – not passion or prejudice.  Because there is no place in this trial for this type of unfairly prejudicial argument, the Court should enter an Order precluding

Plaintiff from attempting to engage in such tactics. *See* Fed. R. Evid. 403; *Whitehead*, 163 F.3d at 276 ("awards influenced by passion and prejudice are the antithesis of a fair trial."); *Blair v. Eagle-Picher Industries, Inc.*, 962 F.2d 1492, 1499 (10th Cir. 1992) ("a verdict that is the product of passion and prejudice cannot be cured by remittitur and a new trial is required.").

V. **References, Arguments, Testimony, or Comments Referring to Plaintiff as a "Victim"**

Any reference, evidence, testimony, or argument by Plaintiff's counsel that refers to the Plaintiff as a "victim" or other words to that effect should be excluded. This term incorrectly implies the existence of a "criminal" legal proceeding and serves only to mislead or inflame the jury and prejudice the jury against NOV. Language to this effect may improperly cause the jury to violate its oath not to let bias, sympathy or prejudice play any part in their deliberations. Accordingly, any evidence, reference, testimony or argument should be excluded because its probative value, if any, is substantially outweighed by its danger of unfair prejudice. *See* Fed. R. Evid. 401, 402, 403.

VI. **References to Motions or Rulings**

Any mention of any action of the Court in ruling upon any matter, including this motion *in limine*, prior to the trial of this case or during the trial of this case where the ruling is made outside the presence of the jury should be excluded. NOV also requests an instruction that no mention or reference be made about the pleadings, motions (including this motion *in limine*), or other matters filed by NOV herein or that such matters filed by NOV were of a particular nature. Such evidence is irrelevant and its probative value, if

4

any, would be outweighed by the risk of undue prejudice and should be excluded. *See* Fed. R. Evid. 401, 402, 403.

## VII.     Commentary and/or Testimony Mischaracterizing Exhibits

Any comment, argument, testimony, and/or evidence regarding any exhibit offered by any party that mischaracterizes the content of the exhibits (including Steve Hunt's personnel records and Plaintiff's corrective actions) should be excluded. Such mischaracterization of exhibits is not supported by the content of the exhibits, is irrelevant, and serves only to mislead the jury and prejudice NOV. Such comments should, therefore, be excluded. *See* Fed. R. Evid. 102, 401, 402, 403.

## VIII.    Generalized, Conclusory, and/or Speculative Statements Regarding Alleged Harassment or Retaliation

Any comment, argument, and/or evidence that constitutes generalized, conclusory, and/or speculative statements regarding alleged harassment or retaliation, and/or testimony about events of which the witnesses have no personal knowledge should be excluded. Such evidence is irrelevant, without foundation, and its scant probative value is greatly outweighed by the risk of undue prejudice to NOV, confusing the issues, and misleading the jury. Fed. R. Evid. 401, 402, 403, 602.

## IX.      Proof of and Causation of Mental and/or Emotional Distress

Any comment, argument, testimony, and/or evidence that Plaintiff attempts to offer regarding any proof of causation of mental and/or emotional distress – including Plaintiff's medical records – should also be excluded. Plaintiff never complained to any doctor about perceived harassment or retaliation by NOV and has not listed any of his

treating physicians as a witness to testify at trial. Neither Plaintiff nor any other lay witness is competent to testify regarding causation. Accordingly, any such evidence – including Plaintiff's medical records – and/or testimony from any lay witness, including Plaintiff or Plaintiff's spouse, Julissa Barrios – as well as any argument from counsel, regarding proof of and causation of mental and/or emotional distress should be excluded. *See e.g.,* Fed. R. Evid. 401, 402, 403, 602.

## X.     Evidence of Front Pay and/or Back Pay Damages Should be Excluded from the Jury

Any evidence of Plaintiff's alleged back pay and front pay damages should be excluded from presentation to the jury. Back pay and front pay are equitable remedies and, thus, are to be decided by the court, not the jury.

"The Court decides the availability of equitable relief such as reinstatement and front pay." *U.S. E.E.O.C. v. E.I. Du Pont de Nemours & Co.*, 406 F. Supp. 2d 645, 661 (E.D. La. 2005), *reversed in part on other grounds*, 480 F.3d 724 (5th Cir. 2007) (citing *Walther v. Lone Star Gas Co.*, 952 F.2d 119, 127 (5th Cir. 1992) ("Since front pay is an equitable remedy, the district court rather than the jury should determine whether an award of front pay is appropriate, and if so, the amount of the award.")); *see also*, *Mitchell v. Sisters of Charity of Incarnate Word*, 924 F. Supp. 793, 804 (S.D. Tex. 1996) ("Because front pay is essentially an equitable award, the Court must determine whether front pay is required and, if so, for what period of time such pay should be granted.") (citing *Reneau v. Wayne Griffin & Sons, Inc.*, 945 F.2d 869 (5th Cir. 1991)).

Similarly, "'back pay is not an automatic remedy, but is equitable in nature and may be invoked in the sound discretion of the district court.'" *Miles-Hickman v. David Powers Homes, Inc.*, 613 F. Supp. 2d 872, 885-86 (S.D. Tex. 2009) (quoting *Sellers v. Delgado College*, 902 F.2d 1189, 1193 (5th Cir. 1990) ("*Sellers III* ")). "Because back pay is an equitable remedy, the district court need not empanel an advisory jury but can decide the back pay issue itself absent the parties' agreement to the correct amount." *Black v. Pan Am. Laboratories, L.L.C.*, 646 F.3d 254, 263 (5th Cir. 2011) (*quoting West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 394–95 (5th Cir. 2003)).

Because these issues are to be decided by the Court, evidence regarding Plaintiff's front pay and/or back pay damages is not relevant to any issue to be tried to the jury. Accordingly, this evidence should be excluded from presentation to the jury. Fed. R. Evid. 401, 402. Additionally, to present the jury with evidence of Plaintiff's alleged front pay and/or back pay damages when the jury has no authority to award such damages would present a significant risk of prejudice to NOV and confusion of the issues. Presentation of this evidence to the jury presents a risk that the jury would be misled to consider or be unfairly influenced by evidence of front pay when calculating its other damages awards. *See Koppman v. South Cent. Bell Telephone Co.*, 1992 WL 280793, at *5 (E.D. La. July 12, 1992) (granting defendant's motion *in limine* and explaining, "presenting front pay evidence to the jury could only serve to confuse the jury in its attempt to determine the plaintiffs' other damages."); *see also, Caparotta v. Entergy Corp.,* 1996 WL 411605, at *1 (E.D. La. July 19, 1996) (granting motion *in limine* to preclude jury from hearing evidence of front pay damages pursuant to Fed. R. Evid. 403).

Thus, evidence regarding front pay and back pay damages should also be limited from presentation to the jury pursuant to Fed. R. Evid. 403.

## XI. Evidence of the EEOC's Investigation and Determination Should Be Excluded

Any documents, testimony, or statements concerning the EEOC's determination letter should be excluded. EEOC determination letters are hearsay and they are not within the exception to the hearsay rule provided by Federal Rule of Evidence 803(8)(B) (or any other exception) because they are not trustworthy. *See* Fed. R. Evid. 801-802, 803(8)(B); *Cortes v. Maxus Exploration Co.*, 977 F.2d 195, 201 (5th Cir. 1992) (stating that agency investigative findings may be excluded from evidence as hearsay where the findings are not trustworthy); *Price v. Fed. Express Corp.*, 283 F.3d 715, 725 (5th Cir. 2002) (distinguishing an EEOC investigative report containing a summary of charges, review of facts as developed during investigation, and finding of probable cause from a single determination letter.). *See also*, *Johnson v. Yellow Freight Sys., Inc.*, 734 F.2d 1304, 1309 (8th Cir. 1984) (such determinations "are not homogeneous products; they vary greatly in quality and factual detail."). In this case, the EEOC determination letter fails for a number of reasons: (1) the EEOC determination letter does not contain any detailed findings of fact relevant to the determination, but merely contains conclusions; (2) the EEOC determination letter does not identify which "relevant witnesses" were interviewed during the investigation; (3) the EEOC determination letter does not identify which witnesses for NOV were identified and whether they were interviewed, or any other facts upon which to conclude that the investigation was impartial and unbiased; and

(4) the EEOC determination letter does not identify when its investigation and interviews were conducted, or any other reason to believe the process was conducted in a timely manner.

Further, any probative value of any EEOC determination letter is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See* Fed. R. Evid. 403; *Cortes*, 977 F.2d at 201 (upholding a trial court's decision to exclude an EEOC determination letter under Rule 403, where the determination letter consisted of "bare conclusions with little, if any, probative value"); *Price v. Rosiek Constr. Co.*, 509 F.3d 704, 709 (5th Cir. 2007) ("[T]he trial court has discretion to exclude an EEOC report altogether if prejudice or other considerations outweigh its probative value."); *Haines v. Tex. Workers Comp. Comm'n*, 2005 U.S. App. LEXIS 5, *2-3 (5th Cir. Tex. Jan. 3, 2005) ("[T]rial courts have the discretion to exclude such reports if their 'probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury….'"); *EEOC v. Loral Aerospace Corp.*, 162 F.3d 1172, *2 (10th Cir. 1998) (excluding report due to the likelihood of undue prejudice and likelihood the report would mislead or confuse the jury); *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1347 (3d Cir. 2002) (holding the district court had discretion to exclude EEOC letters of determination where the admission would result in undue delay and a waste of time); *Paolitto v. John Brown E. & C., Inc.*, 151 F.3d 60, 65 (2d Cir. 1998) (same); *Williams v. The Nashville Network*, 132 F.3d 1123, 1129 (6th Cir. 1997) (noting EEOC determination letters are "widely considered to be presumptively inadmissible because it suggests that preliminarily there

9

is reason to believe that a violation has taken place and therefore results in unfair prejudice to defendant"); *Johnson v. Yellow Freight System, Inc.*, 734 F.2d 1304, 1329-10 (8th Cir. 1984) (upholding the exclusion of an EEOC determination on the grounds that admitting the report would have resulted in unfair prejudice, the jury being misled, and undue delay); *see also Babich v. Unisys Corp.*, 1994 WL 167984 at *2 (D. Kan. Apr. 8, 1994) (holding that any findings or conclusions rendered by the EEOC were "strictly inadmissible for any purpose under Fed. R. Evid. 403" because the danger that would be created by admitting EEOC findings substantially outweighs any probative value the findings may have).

The outweighing of any probative value by unfair prejudice, confusion of the issues, or misleading the jury is also evidenced by the issues enumerated above related to the untrustworthiness of such evidence. In addition, if not deemed inadmissible based upon these grounds, the trial would be unduly delayed/prolonged by necessitating that NOV introduce responsive evidence and testimony, an unnecessary delay if Plaintiff was simply required to set forth the relevant testimony and evidence for the jury to make a finding of fact similar to the EEOC investigation. The EEOC determination is unnecessary and intended purely for the purpose of unfairly prejudicing or misleading the jury.

Admission of an EEOC determination in this case would also be a needless presentation of cumulative evidence. *See e.g. Haines v. Tex. Workers Comp. Comm'n*, 2005 U.S. App. LEXIS 5, *2-3 (5th Cir. Tex. Jan. 3, 2005) ("[T]rial courts have the discretion to exclude such reports if their "'probative value is substantially outweighed by

the danger of … needless presentation of cumulative evidence.'"); *Young v. James Green Management, Inc.*, 327 F.3d 616, 624 (7th Cir. 2003) (citing *Tulloss v. Near North Montessori School, Inc.*, 776 F.2d 150, 154 (7th Cir. 1985) (holding district court did not abuse its discretion in refusing to consider EEOC determination where it was "not contended that the evidentiary material available to the EEOC was not also available to the district court")); *Johnson v. Yellow Freight Sys., Inc.*, 734 F.2d 1304, 1309 (8th Cir. 1984) ("Because substantial evidence was presented to jury on all matters summarized in the report, there is little probative value in the administrative agency's conclusory statements regarding same evidence.").

Accordingly any such documentary evidence, testimony, and/or statements regarding the EEOC's investigation and determination, including the EEOC determination letter, should be excluded from evidence.

## XII. Evidence of Settlement Negotiations Should Be Excluded

Any negotiations between NOV and any person or entity (including the conciliation process with the EEOC) should be excluded. *See* Fed. R. Evid. 408. Specifically, any documents, testimony, and/or statements regarding the EEOC conciliation process are irrelevant, unduly prejudicial, and hearsay. *See* Fed. R. Evid. 403, 408, and 801-802. Moreover, any probative value of any such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, and such references will cause undue delay. *See EEOC v. Gear Petroleum, Inc.*, 948 F.2d 1542, 1544-45 (10th Cir. 1991) (holding letters regarding conciliation inadmissible under Rule 408). Indeed, this type of evidence is explicitly

barred by statute. *See* 42 U.S.C. § 2000e-5(b) ("If the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion.  Nothing said or done during and as a part of such informal endeavors may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned.").  Consequently, NOV asks this Court to bar introduction of the EEOC's conciliation efforts, or any comment, testimony, or statement that the conciliation process failed.

### XIII. Reference to Steve Hunt's Alleged Status as a Rape Victim

Any comment, argument, and/or testimony that Steve Hunt was raped should be excluded.  There is no competent evidence to support such an inflammatory allegation.  Any such comment, argument, and/or testimony would necessarily constitute impermissible hearsay.  Fed. R. Evid. 801-02.  Further, without the proper foundation, it is irrelevant to the claims and defenses in this litigation.  Any probative value of such an allegation, if any, is outweighed by the risk of unfair prejudice to NOV, confusing the issues, and misleading the jury and should, therefore be excluded.  Fed. R. Evid. 401-03.

### XIV. Evidence of Alleged Mistreatment of Other Employees

Any comment, argument, and/or testimony that NOV allegedly harassed, retaliated against, or otherwise engaged in unlawful or unfair acts against current or former employees other than Plaintiff (including but not limited to Miguel Gutierrez, Luis

Gonzales, and Freddie Amaya) should be excluded. To the extent these other employees are not present to testify at trial, any such allegations constitute impermissible hearsay and would require the testimony of witnesses without personal knowledge of the allegations. Fed. R. Evid. 602, 801-03. Further, such evidence or testimony is irrelevant, presents a significant risk of unfair prejudice to NOV, confusing the jury, and unnecessarily prolonging trial, and constitutes impermissible character evidence. *See* Fed. R. Evid. 401-403, 404(b); *Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 302 (5th Cir. 2000) (trial court abuses its discretion when it admits anecdotal testimony from other employees about alleged discrimination against them), *cert. denied*, 531 U.S. 1145 (2001); *Plemer v. Parsons-Gilbane*, 713 F.2d 1127 (5th Cir. 1983) (evidence of how other employees were discriminatorily treated properly excluded because admission of this evidence had only attenuated relevance and would unduly prolong trial). Accordingly, such statements, arguments, or testimony of the treatment of other employees should be excluded.

## XV. Any Reference to the Sociology, Anthropology, and/or Psychology of Homosexuality

Any statement by any witness and/or plaintiff's counsel regarding the alleged sociology, anthropology, and/or psychology of homosexuality should be excluded. Plaintiff has not listed any expert witness to opine on such topics. Any testimony on these topics by a competent witness would not help determine any fact in issue and would necessarily be based on scientific, technical, or other specialized knowledge within the scope of Rule 702 and, thus, constitutes an impermissible lay opinion. Fed. R. Evid.

601, 602, 701. Further, such statements are irrelevant to the issues present in this litigation and any probative value is greatly outweighed by the significant risk of confusing the jury, causing prejudice to NOV, and unnecessarily delaying trial. Fed. R. Evid. 401-03. Thus, any such statements should be excluded.

### XVI. Any Allegation that Hunt Is Sexually Attracted to Men

Any testimony or statement that Steve Hunt is sexually attracted to men is nothing more than speculation and not supported by any competent evidence. Fed. R. Evid. 602. Further, such allegations are directly contradicted by the record evidence showing Hunt had a wife at all relevant times. Thus, any conclusory testimony or statement that Hunt is sexually attracted to men should be excluded.

### XVII. Evidence Regarding the Reason for Hunt's Termination from Employment Including Hunt's Termination Form

The reason for Steve Hunt's termination from employment in March 2011, almost 15 months <u>after</u> the termination of Plaintiff's employment, is not relevant to the claims and defenses in this litigation. Fed. R. Evid. 401, 402. Hunt was not terminated for sexual harassment. Any scant probative value is greatly outweighed by the significant risk of prejudice to NOV, confusing the issues, misleading the jury and unnecessarily prolonging trial. Fed. R. Evid. 403. Further, such evidence constitutes inadmissible character evidence. Fed. R. Evid. 404(b). Accordingly any documents, testimony, and/or statements regarding the reason for Hunt's termination, including Hunt's termination form, should be excluded.

        Respectfully submitted,

        /s/ *Christopher E. Moore*
        Christopher E. Moore, Esq.
        (Attorney-in-Charge)
        TX Bar No. 24052778
        SDTX Admission No. 713063
        Christine M. White, Esq.
        Texas Bar No. 24068713
        SDTX Admission No. 712655
        Jennifer L. Englander, Esq.
        LA Bar No. 29572
        SDTX Admission No. 1430436
        Ogletree, Deakins, Nash, Smoak
            & Stewart, P.C.
        One Shell Square
        701 Poydras St., Suite 3500
        New Orleans, LA 70139
        Telephone: (504) 648-3840
        Facsimile: (504) 648-3859
        Electronic Mail:
        christopher.moore@ogletreedeakins.com
        christine.white@ogletreedeakins.com
        jennifer.englander@ogletreedeakins.com

        Attorneys for Defendant
        National Oilwell Varco, L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Defendant's Motion *In Limine* has been served on the following counsel of record via the Court's Electronic Filing/Notification System:

> Peter Costea, Esq.
> Three Riverway, Suite 1800
> Houston, Texas 77056
> Telephone: (713) 337-3304
> Facsimile: (713) 659-5302
> Electronic mail: costealaw@yahoo.com

This 11th day of July, 2014.

*/s/ Christopher E. Moore*

17081249.1