IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE S. GARZA, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CA: H-4:12-cv-03532 |
| | § | Jury |
| NATIONAL OILWELL VARCO, LP, | § | |
| Defendant | § | |

## PLAINTIFF'S MOTION IN LIMINE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff respectfully moves the court to exclude from the hearing of the jury the following matters:

1. That in 1992 Plaintiff filed a charge of race discrimination with the Equal Employment Opportunity Commission against his former employer Cooper Manufacturing. That matter is not relevant to the matter at bar and should not be admitted under Federal Rule of Evidence 401. ("Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.") That Plaintiff filed a discrimination charge in 1992 has no bearing on the determination of the pending action. The 1992 charge of discrimination did not result in litigation.

Alternatively, should the court be inclined to find that matter relevant, it should nevertheless be excluded under Federal Rule of Evidence 403 because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The 1992 matter related to race discrimination and the current matter

Page 2

relates to sexual harassment and retaliation.

2. That in 2004 or 2005 Plaintiff filed a charge of disability discrimination (failure to hire) with the Equal Employment Opportunity Commission against Tesco Corporation. That matter is not relevant to the matter at bar and should not be admitted under Federal Rule of Evidence 401. ("Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.") That Plaintiff filed a disability discrimination charge in 2004 or 2005 has no bearing on the determination of the pending action. The 2004 charge of discrimination did not result in litigation.

Alternatively, should the court be inclined to find that matter relevant, it should nevertheless be excluded under Federal Rule of Evidence 403 because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully moves the court to grant this motion.

Respectfully submitted,

BY: _____
Peter Costea
TBN 04855900
Three Riverway, Suite 1800
Houston, Texas 77056
Tel. 713/337-4304
Fax 713/659-5302
ATTORNEY FOR PLAINTIFF
JOSE S. GARZA

CERTIFICATE OF SERVICE

    I certify that on July 11, 2014 a true and correct copy of the foregoing pleading was served electronically by the clerk of the court on counsel for the Defendant, Mr. Jacob Credeur, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., One Shell Square, 701 Poydras Street, Suite 3500, New Orleans, Louisiana 70139.

_____
Peter Costea

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE S. GARZA, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CA: H-4:12-cv-03532 |
| | § | Jury |
| NATIONAL OILWELL VARCO, LP, | § | |
| Defendant | § | |

## ORDER

The court makes the following rulings on Plaintiff's Motion in Limine:

1. Sustained _____    Overruled _____

2. Sustained _____    Overruled _____

Signed this _____ day of _____, 2014.

_____

Nancy Atlas, US District Judge