UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOSE S. GARZA                                    Civil Action No. 4:12-cv-03532
      Plaintiff

                                                                                Judge Nancy F. Atlas

v.

NATIONAL OILWELL VARCO, L.P.
      Defendant

## DEFENDANT'S MEMORANDUM OF LAW

                                      Respectfully submitted,

                                      /s/ *Christopher E. Moore*
                                      Christopher E. Moore, Esq.
                                      Texas Bar No. 24052778; SDTX Admission No. 713063
                                      Christine M. White, Esq.
                                      Texas Bar No. 24068713; SDTX Admission No. 712655
                                      Jennifer L. Englander, Esq.
                                      LA Bar No. 29572; SDTX Bar No. 1430436
                                      Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
                                      One Shell Square
                                      701 Poydras St., Suite 3500
                                      New Orleans, Louisiana 70139
                                      Telephone: (504) 648-3840
                                      Facsimile: (504) 648-3859
                                      Electronic Mail:
                                      Christopher.Moore@ogletreedeakins.com
                                      Christine.White@ogletreedeakins.com
                                      Jennifer.Englander@ogletreedeakins.com

                                      Attorneys for Defendant National Oilwell Varco, L.P.

# TABLE OF CONTENTS

**Table of Contents** ............................................................................................................. i

**Table of Authorities** ......................................................................................................... ii

I. Introduction ............................................................................................................. 1

II. Arguments and Authorities ..................................................................................... 1

    A. Plaintiff's Same-Sex Harassment Claim Fails ........................................... 1

        1. Plaintiff cannot prove any alleged conduct was based on his sex. ............. 3

        2. Plaintiff was not subjected to harassment which affected a term, condition, or privilege of his employment. ................................................................. 4

        3. NOV took prompt remedial action immediately upon learning of Garza's complaints about Hunt's conduct. ............................................................. 5

    B. Plaintiff's Retaliation Claims Fail .............................................................. 6

    C. Damages ..................................................................................................... 8

        1. Back Pay and Front Pay are Equitable Remedies to be Decided by the Court, not the Jury. ..................................................................................... 8

        2. Plaintiff Failed to Mitigate His Back Pay and Front Pay Damages ........... 9

        3. Back Pay ..................................................................................................... 9

        4. Front Pay ................................................................................................... 10

        5. Compensatory Damages ........................................................................... 11

        6. Punitive Damages ..................................................................................... 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Alleman v. La. Dept. of Econ. Dev.*,
   698 F. Supp. 2d 644 (M.D. La. 2010)..................................................................................2

*Black v. Pan Am. Laboratories, L.L.C.*,
   646 F.3d 254 (5th Cir. 2011) ...............................................................................................8

*Burlington N. & Santa Fe Ry. Co. v. White*,
   548 U.S. 53 (2006)...............................................................................................................6

*Burrell v. Crown Cent. Petroleum, Inc.*,
   177 F.R.D. 376 (E.D. Tex. 1997)......................................................................................11

*Carlson v. Rockwell Space Operations Co.*,
   985 F. Supp. 674 (S.D. Tex. 1996), *aff'd sub nom. Carlson v. Rockwell Int'l Corp.*,
   132 F.3d 1453 (5th Cir. 1997) .............................................................................................5

*Celestine v. Petroleos de Venezuella SA*,
   266 F.3d 343 (5th Cir. 2001) ...............................................................................................3

*Cherry v. Shaw Coastal, Inc.*,
   668 F.3d 182 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 162, 184 L. Ed. 2d 34 (2012) ...............3

*Cherry v. Shaw Coastal, Inc.*,
   668 F.3d 183 (5th Cir. 2012) ..................................................................................................2, 3

*DeHart v. Baker Hughes Oilfield Operations, Inc.*,
   214 F. Appx. 437 (5th Cir. 2007).........................................................................................7

*Deloach v. Delchamps, Inc.*,
   897 F.2d 815 (5th Cir. 1990) .............................................................................................10

*Dick v. J.B. Hunt Transp., Inc.*,
   772 F. Supp. 2d 806 (N.D. Tex. 2011) ................................................................................6

*E.E.O.C. v. Boh Bros. Const. Co., L.L.C.*,
   731 F.3d 444 (5th Cir. 2013) .................................................................................................2

*E.E.O.C. v. E.I. Du Pont de Nemours & Co.*,
   406 F. Supp. 2d 645 (E.D. La. 2005), *reversed in part on other grounds*, 480 F.3d 724
   (5th Cir. 2007).....................................................................................................................8

*Hansard v. Pepsi–Cola Metro Bottling Co.*,
   865 F.2d 1461 (5th Cir. 1989) *cert. denied*, 493 U.S. 842, 110 S.Ct. 129, 107 L.Ed.2d
   89 (1990) ................................................................................................................................10

*Harris v. Forklift Systems, Inc.*,
   510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) ............................................................5

*Kolstad v. Am. Dental Ass'n*,
   527 U.S. 526, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999) ......................................................12

*La Day v. Catalyst Tech., Inc.*,
   302 F.3d 474 (5th Cir. 2002) ..................................................................................................3

*Long v. Eastfield College*,
   88 F.3d 300 (5th Cir. 1996) ....................................................................................................3

*Love v. Motiva Enterprises, L.L.C.*,
   349 Fed. Appx. 900 (5th Cir. 2009) ........................................................................................4

*Meritor Savings Bank, FSB v. Vinson*,
   477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986) ..............................................................5

*Migis v. Pearle Vision, Inc.*,
   135 F.3d 1041 (5th Cir. 1998) ................................................................................................9

*Miles-Hickman v. David Powers Homes, Inc.*,
   613 F. Supp. 2d 872 (S.D. Tex. 2009) ................................................................................8, 9

*Mitchell v. Crescent River Port Pilots Ass'n*,
   515 F. Supp. 2d 666 (E.D. La. 2007) *aff'd* 265 Fed. App. 363 (5th Cir. 2008) .........................6

*Mitchell v. Sisters of Charity of Incarnate Word*,
   924 F. Supp. 793 (S.D. Tex. 1996) ...................................................................................8, 10

*Nash v. Electrospace System, Inc.*,
   9 F.3d 401 (5th Cir. 1993) .................................................................................................3, 6

*O'Donnell v. Georgia Osteopathic Hospital, Inc.*,
   748 F.2d 1543 (11th Cir. 1984) ............................................................................................10

*Oncale v. Sundowner Offshore Services, Inc.*,
   523 U.S. 75, 118 S. Ct. 998, 140 L. Ed. 2d 201 (1998) ................................................ passim

*Palasota v. Haggar Clothing Co.*,
   448 F. 3d 474 (5th Cir. 2007) .................................................................................................9

*Patterson v. P.H.P. Healthcare Corp.*,
   90 F.3d 927 (5th Cir. 1996) .....................................................................................................9

iii

*Reneau v. Wayne Griffin & Sons, Inc.*,
  945 F.2d 869 (5th Cir. 1991) ..................................................................................10

*Richardson v. Tricom Pictures & Prods., Inc.*,
  334 F. Supp. 2d 1303 (S.D. Fla. 2004) *aff'd*, 183 Fed. Appx. 872 (11th Cir. 2006) .........10, 11

*Rubinstein v. Adm'rs of the Tulane Educ. Fund*,
  218 F.3d 392 (5th Cir. 2000) ..................................................................................12

*Russell v. Univ. of Texas of Permian Basin*,
  234 Fed. Appx. 195 (5th Cir. 2007).........................................................................2

*Septimus v. Univ. of Houston*,
  399 F.3d 601 (5th Cir. 2005) ..................................................................................4

*Shepherd v. Comptroller of Pub. Accounts of the State of Texas*,
  168 F. 3d 871 (5th Cir. 1999) ..............................................................................3, 4

*Univ. of Texas Sw. Med. Ctr. v. Nassar*,
  133 S.Ct. 2517 (U.S. June 24, 2013) ......................................................................6

*Vaughn v. Sabine County*,
  104 Fed. Appx. 980 (5th Cir. 2004).........................................................................9

*Williamson v. City of Houston*,
  148 F.3d 462 (5th Cir. 1998) ..................................................................................6

**STATUTES**

42 U.S.C. § 1981 ......................................................................................................... 6

42 U.S.C. § 1981a....................................................................................................... 11

Tex. Lab. Code § 21.2585(b) .....................................................................................11

Title VII of the Civil Rights Act of 1963 ("Title VII") .................................................. passim

Defendant National Oilwell Varco, L.P. ("Defendant" or "NOV") hereby files its Memorandum of Law, stating as follows:

## I.    Introduction

This is an employment case in which Plaintiff Jose S. Garza ("Garza" or "Plaintiff") sues his former employer, National Oilwell Varco, L.P., for same-sex sexual harassment and retaliation under Title VII of the Civil Rights Act of 1963 ("Title VII").

Plaintiff alleges that during his employment with NOV he was unlawfully harassed by his co-worker, Steve Hunt, based on his sex. Plaintiff also alleges that NOV retaliated against him by suspending him from work and ultimately terminating his employment because of his alleged internal complaints of sexual harassment by Hunt and/or his filing an EEOC Charge. NOV denies these allegations.

Docket Call is currently set for July 21, 2014, and trial is currently set for August 11, 2014.

## II.   Arguments and Authorities

As will be shown at trial, Plaintiff does not have sufficient evidence of unlawful harassment or retaliation to succeed on his claims under Title VII.

### A.    Plaintiff's Same-Sex Harassment Claim Fails

Plaintiff claims that he was sexually harassed by his male co-worker, Steve Hunt. The Supreme Court has recognized that same-sex harassment is actionable under Title VII.[1] However, the Court cautioned that "[t]he prohibition of harassment on the basis of

---

[1] *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80-81, 118 S. Ct. 998, 1002, 140 L. Ed. 2d 201 (1998).

1

sex requires neither asexuality nor androgyny in the workplace; it forbids only behavior so objectively offensive as to alter the 'conditions' of the victim's employment."[2]

In order to establish a claim of same-sex sexual harassment, Plaintiff must first prove that the alleged conduct was based on his sex.[3] As to allegations of same-sex harassment, Plaintiff may "establish the essential element that the harassment was based on sex by showing: (1) the alleged harasser made explicit or implicit proposals of sexual activity, and providing credible evidence that the harasser was homosexual; (2) the harasser was motivated by general hostility to the presence of members of the same sex in the workplace; or (3) direct, comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace."[4] These methods of proving harassment "based on sex" are demonstrative and not exclusive.[5]

Should Plaintiff be able to prove that the alleged conduct was because of his sex, he still must prove the remaining elements of co-worker sexual harassment: (1) he was subject to unwelcome harassment; (2) the harassment was sufficiently severe or pervasive

---

[2] *Oncale,* 523 U.S. at 81 (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993) (citing *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 67, 106 S.Ct. 2399, 2405-06, 91 L.Ed.2d 49 (1986))).

[3] *E.E.O.C. v. Boh Bros. Const. Co., L.L.C.*, 731 F.3d 444, 453 (5th Cir. 2013); *Cherry v. Shaw Coastal, Inc.*, 668 F.3d 183, 188 (5th Cir. 2012); *Russell v. Univ. of Texas of Permian Basin*, 234 Fed. Appx. 195, 201 (5th Cir. 2007) (Under the Fifth Circuit's two-step process for evaluating same-sex sexual harassment cases, a plaintiff must first demonstrate that the sexual harassment was "discrimination because of sex.") (citing *La Day v. Catalyst Tech., Inc.*, 302 F.3d 474, 478 (5th Cir. 2002)).

[4] *Alleman v. La. Dept. of Econ. Dev.*, 698 F. Supp. 2d 644, 660 (M.D. La. 2010) (citing *La Day*, 302 F.3d at 478); *see also*, *Oncale*, 523 U.S. at 80.

[5] *Boh Bros. Const. Co., L.L.C.*, 731 F.3d at 455-56.

2

to have affected a term, condition, or privilege of his employment, and (3) the employer knew or should have known of the conduct and failed to take prompt action to stop it.[6]

### 1. Plaintiff cannot prove any alleged conduct was based on his sex.

As will be shown at trial, Plaintiff cannot establish any conduct "based on sex." Plaintiff's harassment claim necessarily arises under the first method of proof recognized by *Oncale* – that Hunt was homosexual and made explicit or implicit proposals of sexual activity.[7] Plaintiff will not be able to establish that Hunt is a homosexual, or that Hunt "intended to have some kind of sexual contact with [] Plaintiff rather than merely to humiliate him for reasons unrelated to sexual interest," or that Hunt "made same-sex sexual advances to others, especially to other employees."[8][9] Plaintiff also will not be able to "prove that the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted 'discrimination because of sex.'"[10]

There is no credible record evidence to corroborate Plaintiff's self-serving "belief" that Hunt is homosexual or that any of his alleged behaviors were motivated by sexual desire, as opposed to merely male-on-male horseplay. The evidence will show that at the time Hunt began working for NOV in 2008, he disclosed that he was married and listed

---

[6] *Cherry*, 668 F.3d at 188-89*; Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 353-54 (5th Cir. 2001) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 807, 118 S.Ct. 2275 (1998)); *Long v. Eastfield College*, 88 F.3d 300, 309 (5th Cir. 1996); *Nash v. Electrospace System, Inc*., 9 F.3d 401, 403 (5th Cir. 1993); *Shepherd v. Comptroller of Pub. Accounts of the State of Texas*, 168 F. 3d 871, 873 (5th Cir. 1999) (citations omitted)).
[7] Plaintiff cannot establish harassment based on sex via the second or third methods set forth in *Oncale*, and has not attempted to do so in this litigation, as he has no "direct, comparative evidence" of how Hunt treated men and women in the workplace. There is also no evidence to establish that Hunt had a general hostility toward men in the workplace.
[8] *Cherry v. Shaw Coastal, Inc.*, 668 F.3d 182, 188 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 162, 184 L. Ed. 2d 34 (2012) (citing *La Day v. Catalyst Technology*, 302 F.3d 474, 480 (5th Cir. 2002)).
[9] *La Day*, 302 F.3d at 480.
[10] *Oncale*, 523 U.S. at 80.

his wife as his primary emergency contact. Additionally, numerous witnesses will testify that they did not believe Hunt was homosexual and that there were no rumors suggesting that Hunt was homosexual.  Further, even if Plaintiff can establish that Hunt sexually propositioned him or other male employees, there is no credible record evidence to establish that Hunt intended to actually have sexual contact with them, rather than to humiliate Plaintiff and the other employees for reasons wholly unrelated to their sex. Plaintiff's inability to prove that Hunt is homosexual is fatal to his claim of sexual harassment.[11]

### 2. Plaintiff was not subjected to harassment which affected a term, condition, or privilege of his employment.

Assuming, *arguendo*, that Plaintiff could demonstrate Hunt's alleged actions were because of his sex, Plaintiff will still be unable to establish the essential elements of his harassment claim because he will be unable to prove that the alleged incidents affected any term, condition, or privilege of his employment.  Title VII creates liability only for conduct that is so severe or pervasive that it alters the conditions of the plaintiff's employment and destroys his equal opportunity to succeed in the workplace.  The United States Supreme Court and the Fifth Circuit impose a heavy burden on plaintiffs to show that the harassment was severe or pervasive.[12]  For harassment to affect a "term, condition, or privilege of employment" it must be "sufficiently severe or pervasive so as

---

[11] *Love v. Motiva Enterprises, L.L.C.*, 349 Fed. Appx. 900, 904 (5th Cir. 2009).
[12] *See, e.g., Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80-82 (1998); *Septimus v. Univ. of Houston*, 399 F.3d 601, 611-612 (5th Cir. 2005); *Shepherd v. Comptroller of Public Accounts*, 168 F.3d 871, 874 (5th Cir. 1999).

4

to alter the conditions of employment and create and abusive working environment.[13] To be actionable, the challenged conduct must be both objectively offensive, meaning a reasonable person in Plaintiff's position would find it hostile and abusive, and subjectively offensive, meaning that the victim perceived it to be so.[14] The Supreme Court has cautioned courts to "not mistake ordinary socializing in the workplace – such as male-on-male horseplay or intersexual flirtation – for discriminatory "conditions of employment."[15] Here, the evidence will show that the conduct Plaintiff actually complained of amounts to nothing more than male-on-male horseplay and is not the type of conduct protected by Title VII. The evidence will further show that Hunt's conduct did not impair Garza's ability to do his job.

### 3. NOV took prompt remedial action immediately upon learning of Garza's complaints about Hunt's conduct.

NOV is not liable for Hunt's alleged conduct because it took prompt remedial action once it became aware of the perceived harassment. An employer is liable for co-worker harassment only if it knew or should have known of the harassment and failed to take prompt remedial action. An employer takes prompt remedial action if it "took the allegation seriously, it conducted prompt and thorough investigations, and it immediately implemented remedial and disciplinary measures based on the results of such investigations."[16]

---

[13] *Meritor Savings Bank, FSV v. Vinson*, 477 U.S. 57, 65 (1986).
[14] *Harris*, 510 U.S. at 21-22.
[15] *Oncale*, 523 U.S. at 81, 118 S. Ct. at 1003.
[16] *Carlson v. Rockwell Space Operations Co.*, 985 F. Supp. 674, 688-89 (S.D. Tex. 1996), *aff'd sub nom. Carlson v. Rockwell Int'l Corp.*, 132 F.3d 1453 (5th Cir. 1997) (citing *Waymire v. Harris County*, 86 F.3d

The evidence will show that Rudy Lopez did not have the authority to address any complaints Plaintiff may claim to have made, and thus NOV had no notice of any alleged harassment until April 27, 2009.[17] Upon receiving Plaintiff's complaint of alleged sexual harassment on April 27, 2009, NOV's Corporate HR investigated the complaint, and took appropriate action based on its findings; *i.e.*, that Plaintiff had not been subjected to sexual harassment. Plaintiff will be unable to demonstrate otherwise at trial.

### B. Plaintiff's Retaliation Claims Fail

To succeed on his retaliation claims at trial, Plaintiff must be able to establish that his protected activity under Title VII was the "but for" cause of his adverse employment actions.[18] The "but for" standard of causation requires "proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer."[19] For purposes of retaliation claims, an "adverse employment action" is one that "a reasonable employee would have found ... [to be] materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."[20] Plaintiff cannot demonstrate

---

424, 428 (5th Cir. 1996); *Nash*, 9 F.3d 401 (citing *Jones v. Flagship Int'l*, 793 F.2d 714, 720 (5th Cir. 1986), *cert. denied*, 479 U.S. 1065, 107 S.Ct. 952, 93 L.Ed.2d 1001 (1987))).

[17] *Williamson v. City of Houston*, 148 F.3d 462, 466-67 (5th Cir. 1998) (noting an important consideration is whether notice is given to an individual with authority to address the problem); *see also, Nash*, 9 F.3d at 404.

[18] *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517 (U.S. June 24, 2013); *Connor v. Sonoco Products Co.*, 212 Fed. App. 253, 254 (5th Cir. 2006) (Texas Labor Code) (citing *Shackelford v. Deloitte & Touche,* 190 F.3d 398, 408-09 (5th Cir.1999); *Haggar Clothing Co. v. Hernandez*, 164 S.W.3d 386, 386 (Tex. 2005)); *Mitchell v. Crescent River Port Pilots Ass'n*, 515 F. Supp. 2d 666, 680 (E.D. La. 2007) *aff'd*, 265 Fed. App. 363 (5th Cir. 2008) (42 U.S.C. § 1981) (citing *Douglas v. DynMcDermott Petroleum Operations Co.*, 144 F.3d 364, 372 (5th Cir. 1998)).

[19] *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517 (U.S. June 24, 2013).

[20] *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (citation and internal quotation marks omitted); *Dick v. J.B. Hunt Transp., Inc.*, 772 F. Supp. 2d 806, 821 (N.D. Tex. 2011) (citing

6

the necessary "but for" causation between any alleged protected activity and any alleged materially adverse action, and his retaliation claims should fail.

Plaintiff complained to NOV of sexual harassment on April 27, 2009, and he filed his EEOC Charge on May 6, 2009. However, Plaintiff cannot prove that his May 1, 2009 suspension was because of his internal complaint or that his termination from employment on October 28, 2009, was because he filed a charge almost six months earlier.

Plaintiff filed his Charge of Discrimination <u>while</u> he was suspended. Thus, because he made and supported his Charge during his suspension, he will be unable to establish that this dissuaded him from making and supporting a Charge. Moreover, following his May 6, 2009 EEOC Charge, Plaintiff remained employed for more than **five months** – until his employment was terminated on October 28, 2009. Plaintiff cannot establish that any protected activity or any other alleged complaints of sexual harassment were the "but for" cause of his termination from employment. Because Plaintiff has no evidence to suggest NOV took any employment action against him because of his protected activity, his retaliation claims fail.

---

*Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (U.S. 2006); *King v. Louisiana*, 294 Fed. Appx. 77, 84 (5th Cir. 2008)); *see also*, *DeHart v. Baker Hughes Oilfield Operations, Inc.*, 214 F. Appx. 437, 442 (5th Cir. 2007) (discipline not materially adverse as it did not dissuade plaintiff from filing a subsequent EEOC Charge).

### C. Damages

Plaintiff requests an award of actual, consequential, and compensatory damages, including past and future lost wages, exemplary and punitive damages, post-judgment and pre-judgment interest, attorney's fees, and costs.

#### 1. Back Pay and Front Pay are Equitable Remedies to be Decided by the Court, not the Jury

Back pay and front pay are equitable remedies and, thus, are to be decided by the court, not the jury. "The Court decides the availability of equitable relief such as reinstatement and front pay."[21] Similarly, "'back pay is not an automatic remedy, but is equitable in nature and may be invoked in the sound discretion of the district court.'"[22] "Because back pay is an equitable remedy, the district court need not empanel an advisory jury but can decide the back pay issue itself absent the parties' agreement to the correct amount."[23] Accordingly, these issues are to be decided by the Court and not to the jury.

---

[21] *E.E.O.C. v. E.I. Du Pont de Nemours & Co.*, 406 F. Supp. 2d 645, 661 (E.D. La. 2005), *reversed in part on other grounds*, 480 F.3d 724 (5th Cir. 2007) (citing *Walther v. Lone Star Gas Co.*, 952 F.2d 119, 127 (5th Cir. 1992) ("Since front pay is an equitable remedy, the district court rather than the jury should determine whether an award of front pay is appropriate, and if so, the amount of the award.")); *see also*, *Mitchell v. Sisters of Charity of Incarnate Word*, 924 F. Supp. 793, 804 (S.D. Tex. 1996) ("Because front pay is essentially an equitable award, the Court must determine whether front pay is required and, if so, for what period of time such pay should be granted.") (citing *Reneau v. Wayne Griffin & Sons, Inc.*, 945 F.2d 869 (5th Cir. 1991)).
[22] *Miles-Hickman v. David Powers Homes, Inc.*, 613 F. Supp. 2d 872, 885-86 (S.D. Tex. 2009) (quoting *Sellers v. Delgado College*, 902 F.2d 1189, 1193 (5th Cir. 1990) ("*Sellers III*")).
[23] *Black v. Pan Am. Laboratories, L.L.C.*, 646 F.3d 254, 263 (5th Cir. 2011) (*quoting West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 394–95 (5th Cir. 2003)).

8

### 2. Plaintiff Failed to Mitigate His Back Pay and Front Pay Damages

An employment discrimination plaintiff suing for back pay and/or front pay has a duty to avoid or minimize damages by using "reasonable diligence" to obtain "substantially equivalent" employment.[24] "'Substantially equivalent employment' . . . is that 'employment' which affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position from which the . . . claimant has been discriminatorily terminated."[25] Here, the evidence will establish that Plaintiff failed to make reasonable efforts to find substantially equivalent employment for nearly one year after his termination from employment with NOV. Therefore, he failed to mitigate his economic damages in this case.

### 3. Back Pay

"The purpose of . . . back pay compensation is to make the plaintiff whole by restoring [him] to the same position []he would have been in had the discrimination or retaliation not occurred."[26] "[B]ack pay liability in a wrongful termination case commences from the time the discriminatory conduct causes economic injury and ends upon the date of the judgment."[27] NOV is entitled to an offset from any award of back pay in the amount of Plaintiff's interim earnings and unemployment benefits.[28]

---

[24] *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 936 (5th Cir. 1996) (quoting *Ford Motor Co. v. EEOC*, 458 U.S. 219, 232 (1982)); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1045 (5th Cir. 1998).
[25] *Vaughn v. Sabine County*, 104 Fed. Appx. 980, 984 (5th Cir. 2004).
[26] *Miles-Hickman v. David Powers Homes, Inc.*, 613 F. Supp. 2d 872, 885 (S.D. Tex. 2009) (citing *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418-21, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975)).
[27] *Palasota v. Haggar Clothing Co.*, 448 F. 3d 474, 483 (5th Cir. 2007).
[28] *Miles-Hickman v. David Powers Homes, Inc.*, 613 F. Supp. 2d 872, 890 (S.D. Tex. 2009) (Atlas, J.).

9

### 4.     Front Pay

The Fifth Circuit continues to recognize the decided preference to award reinstatement in lieu of front pay for a discriminatory discharge.[29] While reinstatement is generally preferred over front pay as a remedy, most courts agree that front pay is an appropriate alternative remedy when antagonism between the victim and the discriminatory employer makes reinstatement unfeasible.[30] Additionally, reinstatement is not preferred over front pay when there is no vacancy in the desired position.[31] If the Court determines that reinstatement is not feasible, front pay is the appropriate remedy.[32]

Front pay may make the plaintiff whole by providing wages that plaintiff would have received, less any income derived from other compensation. Front pay may be denied when the plaintiff obtains subsequent employment at a higher rate of pay than he earned at the defendant.[33] Here, Plaintiff is not entitled to front pay because the evidence will show that following the termination of his employment with NOV Plaintiff has obtained employment that pays more than he earned at NOV.  Thus, Plaintiff has no evidence "suggesting that his injuries have narrowed the range of economic opportunities

---

[29] *Deloach v. Delchamps, Inc.*, 897 F.2d 815, 822 (5th Cir. 1990); *Hansard v. Pepsi–Cola Metro Bottling Co.*, 865 F.2d 1461, 1468–69 (5th Cir. 1989) *cert. denied*, 493 U.S. 842, 110 S.Ct. 129, 107 L.Ed.2d 89 (1990).

[30] *Reneau v. Wayne Griffin & Sons, Inc.*, 945 F.2d 869 (5th Cir. 1991); *O'Donnell v. Georgia Osteopathic Hospital, Inc.*, 748 F.2d 1543 (11th Cir. 1984).

[31] *Mitchell v. Sisters of Charity of Incarnate Word*, 924 F. Supp. 793, 803 (S.D. Tex. 1996) (citing *Shore v. Federal Express Corp.*, 777 F.2d 1155 (6th Cir.1985)).

[32] *Id*.

[33] *Reneau*, 945 F.2d 869; *Hansard*, 865 F.2d at 1469; *Richardson v. Tricom Pictures & Prods., Inc.*, 334 F. Supp. 2d 1303, 1319 (S.D. Fla. 2004) *aff'd*, 183 Fed. Appx. 872 (11th Cir. 2006) (quoting *Richardson McKnight v. General Motors Corp.*, 973 F.2d 1366, 1370 (7th Cir. 1992) (affirming denial of front pay and reinstatement, noting that the trial court denied front pay in part because the jobs held by plaintiff after his termination paid more, and stating that plaintiff "appears to be attempting to force [defendant] to insure his future employment success") (quoting *Gorniak v. National Railroad Passenger Corp.*, 889 F.2d 481 (3d Cir.1989)).

available to him'" or that "'his injury has caused a diminution in his ability to earn a living.'"[34] Thus, the evidence will show that Plaintiff is not entitled to any award of front pay.

### 5. Compensatory Damages

Compensatory damages for emotional distress/mental anguish injuries are only available if Plaintiff establishes a violation of Title VII. Under Title VII, "if a reasonable person, under an objective standard, would be harmed by the alleged conduct, then the plaintiff 'may receive compensation for emotional damages naturally flowing from that injury.'"[35] Thus, even if Plaintiff could prove a violation of Title VII, he must prove that he sustained non-economic injuries such as emotional distress, pain and suffering, harm to reputation or other consequential injuries in order to qualify for an award of compensatory damages. Plaintiff must also prove that any such injuries resulted from Defendant's conduct. Plaintiff cannot present any evidence of such injuries or that any such injuries were caused by Defendant's conduct to justify an award of compensatory damages.

### 6. Punitive Damages

Under Title VII, a prevailing plaintiff may recover punitive damages if he demonstrates that the respondent engaged in a discriminatory practice with malice or with reckless indifference to his protected rights.[36] The availability of punitive damages turns

---

[34] *Richardson*, 334 F. Supp. 2d at 1319 (quoting *Richardson McKnight*, 973 F.2d at 1370 (quoting *Gorniak*, 889 F.2d 481).
[35] *Burrell v. Crown Cent. Petroleum, Inc.*, 177 F.R.D. 376, 379 (E.D. Tex. 1997) (citing *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 211 (N.D.Tex.1996)).
[36] 42 U.S.C. § 1981a(b)(1); Tex. Lab. Code § 21.2585(b).

on the defendant's state of mind, not the nature of the defendant's egregious conduct.[37] To recover punitive damages, the plaintiff must show that the "malfeasing agent served in a 'managerial capacity' and committed the wrong while 'acting in the scope of employment.'"[38] Under the good-faith exception to punitive damages, "an employer may not be vicariously liable for the discriminatory employment decision of managerial agents where these decisions are contrary to the employer's good-faith efforts to comply with Title VII."[39] Even if Plaintiff can establish a violation of Title VII, he cannot prove that NOV acted with malice or reckless indifference to his federally-protected rights and thus is not entitled to an award of punitive damages.

18337087.1

---

[37] *Kolstad v. Am. Dental Ass'n,* 527 U.S. 526, 535, 119 S.Ct. 2118, 2124, 144 L.Ed.2d 494 (1999).
[38] *Rubinstein v. Adm'rs of the Tulane Educ. Fund*, 218 F.3d 392, 405 (5th Cir. 2000) (citing *Kolstad*, 527 U.S. at 541, 119 S.Ct. at 2127).
[39] *Id*.